## SUPREME COURT.

The People *ex rel.* Kearney agt. John Kelly, sheriff, &c.

It is not necessary that an *attachment* for commitment, for disobedience of an order made by a judge in supplementary proceedings, should be issued by the *same judge who made the order;* it may be issued by another judge, or by the court itself. (*Following the case of Wicker* agt. *Dresser,* 13 *How. Pr. R.,* 331; and *in opposition to Shepherd* agt. *Dean, id.,* 173.)

The abolishing imprisonment for the non-payment of costs does not apply to a judgment debtor in supplementary proceedings, who is in contempt for not paying a judgment and *costs* under an order previously granted.

*New York Special Term, December,* 1861.

Application to discharge prisoner on *habeas corpus.*

H. D. Lapaugh and Mr. Otis, *for prisoner.*
Mr. Bryan and Mr. Shehan, *for respondent.*

Leonard, Justice. Kearney applies to be discharged from imprisonment on *habeas corpus.*

He was committed to jail as for contempt, on attachment

issued out of the New York common pleas, for disobedience of an order made by Judge HILTON, in proceedings supplementary to execution, directing Kearney to pay the plaintiff in such proceedings the amount of the judgment therein, with interest, and $25 costs and disbursements, within ten days, or in default thereof that an attachment issue.

The writ of attachment recites the said proceedings and the said order, also the service of the order on Kearney; the lapse of ten days appears from the dates; and the default of Kearney in not complying with the order is stated. The process then directs the sheriff to attach Kearney, commit him to jail and there detain him in close custody till he complies with the said order and pays the judgment, $313.37, and interest from August 1, 1861, and $25 costs, or until discharged by due process of law.

The order directing the issue of this attachment has been brought into court, and appears to be signed by Judge DALY as an order in a proceeding before him, but is entitled "At chambers of the court of common pleas of the city and county of New York."

The clerk of that court has indorsed the writ "By special order of the court."

The counsel for the relator insists that no contempt is charged in the process, and that the order for the attachment to issue and to commit the prisoner was made without authority.

The law in respect to *habeas corpus* precludes any inquiry into the justice or legality of the order or judgment directing the imprisonment. Those questions are to be determined on appeal, or in some way other than by *habeas corpus*. If the court or officer had jurisdiction to pronounce the order or judgment directing the imprisonment, and in cases of commitment for contempt, if the contempt is specifically and plainly charged in the process, the prisoner must be remanded.

It is not claimed that Judge HILTON had not authority to direct the payment of money by the defendant Kearney in proceedings supplementary to execution.

The point made in this respect, in behalf of the prisoner is, that the proceedings not being before Judge DALY, he had not authority or jurisdiction, under section 302 of the Code, to order the attachment to issue ; and that the court of common pleas had not the jurisdiction to direct its issue, but the judge alone before whom the proceeding was pending. That the clerk marked the process " By special order of the court," in an unauthorized manner.

The objection is of course strictly technical, and does not involve the real merits of the imprisonment.

The prisoner is, however, entitled to a fair consideration of the question raised.

The conflicting authority of the two cases reported in 13 *How. Pr. R.*, has perhaps given rise to this application ; *Shepherd* agt. *Dean*, (*p.* 173,) holding that the contempt could be adjudged only by the judge before whom the proceedings were pending, while *Wicker* agt. *Dresser*, (*p.* 331,) holds not only that the process may be issued by another judge, but also by the court. The latter decision having been made in the supreme court of this district, should, I think, be now adhered to in this case. I am also satisfied with the reasoning of the learned judge who pronounced the decision.

The order directing the attachment to issue must be considered as the order of the court, and that the clerk regularly marked the writ.

The writ omits to state that the prisoner was adjudged to be guilty of contempt, but the facts stated clearly amount to a contempt. The attachment, in this respect, plainly charges a contempt. It was also objected by the counsel for the prisoner, that he was incarcerated for the non-payment of $25 costs, as well as the non-payment of the judgment, and that imprisonment for costs had been abolished.

Sections 297 and 301, taken together, warrant the judge to order the payment of costs, if property be found in the hands of the debtor sufficient for that purpose.

In such case the default of the prisoner in not paying the costs was a contempt, as well as in neglecting to pay the judgment. We are not at liberty to inquire whether the prisoner had the money or not. If the judge erred in adjudging that the prisoner had the money, his remedy exists in another way, but not by the writ of *habeas corpus*.

Nor is the prisoner remediless. Section 302 authorizes the judge who committed him, or the court in which the judgment was rendered, to discharge him, if the prisoner is unable to pay the money directed to be paid, or to endure his imprisonment.

The *habeas corpus* must be discharged, and the prisoner remanded.