WILLIAM H. LEE ET AL. v. GEORGE M. BUCK, CIRCUIT JUDGE OF KALAMAZOO COUNTY.

*Constitutional law—Insolvent debtor—Discovery—Proceedings at law.*

1. How. Stat. chap. 278, which authorizes proceedings at law in the nature of a judgment creditor's bill, in so far as it provides for the examination of the judgment debtor, and a discovery of his assets, is not in conflict with any constitutional provision, and is to this extent valid.

2. In view of the constitutional provision (article 6, § 5) that "the Legislature shall, as far as practicable, abolish distinctions between law and equity proceedings," the fact that the proceeding for discovery,—authorized by chapter 278, How. Stat., which requires a judgment debtor to appear, and make discovery on oath concerning his property, etc.,—is one which was formerly within the jurisdiction in equity, furnishes no reason for holding that the Legislature could not properly confer the powers attempted to be granted upon a court of law.

*Mandamus.* Argued February 20, 1894.　Granted July 10, 1894.

Relators applied for *mandamus* to compel respondent to entertain jurisdiction of proceedings for the discovery of the assets of a judgment debtor, instituted under chapter 278, How. Stat.　The facts are stated in the opinion.

*Osborn, Mills & Master* (*Fletcher & Wanty*, of counsel), for relators.

*Howard & Roos* and *Boudeman & Adams*, for respondent.

MONTGOMERY, J.    The only question involved in this case is whether the provisions of the act of 1851, providing for the compelling of disclosures by judgment debtors in a proceeding before the circuit judge, upon the return of an execution unsatisfied, are wholly invalid.    The provisions sought to be invoked in this proceeding are those contained in How. Stat. §§ 8107–8109.    The circuit judge held the entire chapter inoperative and invalid.

The provisions of the law were criticised in *Reed v. Baker*, 42 Mich. 272, but that it was not the intention to declare the law invalid is apparent from the statement contained in the opinion:

"We need not consider its legal validity to bind parties before the court."

In *Prescott v. Pfeiffer*, 57 Mich. 22, a suit was instituted by a receiver appointed under the provisions of section 8111, and the Court, in the course of the opinion, said.

"An objection made to the right of the receiver to attack fraudulent transfers does not seem to us well taken. The case relied upon for this is *Reed v. Baker*, 42 Mich. 272, where we held that in the legal supplementary proceedings no one but the judgment debtor could be treated as a party, and therefore third persons could not have their rights passed upon as they might under an ordinary creditors' bill, under which they were made parties.    But we did not hold the receiver could not sue them.    On the contrary, we think he may do so in such form, legal or equitable, as is best adapted for that purpose."

This was certainly a clear recognition of the validity of the provisions of the statute.    Nor are we able to see any

reason why these provisions of the statute may not be sustained. The statute is not, as is contended, necessarily useless or void, although the power to adjudicate rights of parties not before the court be denied. The essential purpose of the proceeding is that of discovery, and the statute may be made effective for this purpose. We think in so far as the proceeding authorizes the examination of the judgment debtor it should be sustained. In the case of *Ex parte Boyd,* 105 U. S. 647, it was said:

"There is certainly nothing in the nature of an examination of a judgment debtor, upon the question as to his title to and possession of property applicable to the payment of a judgment against him, and of the fact and particulars of any disposition he may have made of it, which would render it inappropriate, as a proceeding at law, under the orders of the court where the record of the judgment remains and from which the execution issues. Such examinations are familiar features of every system of insolvent and bankrupt laws, the administration of which belongs to special tribunals, and forms no necessary part of the jurisdiction in equity."

It should be further borne in mind that in this State the Constitution (article 6, § 5) provides that—

"The Legislature shall, as far as practicable, abolish distinctions between law and equity proceedings."

In view of this provision, the fact that the proceeding for discovery was one which was formerly within the jurisdiction in equity furnishes no reason for holding that the Legislature may not properly confer similar powers upon a court of law.

We are satisfied that, so far as the statute provides for a discovery of the assets of the insolvent debtor, it is not in conflict with any constitutional provision, and is to this extent valid. This being determined, it is not our province to criticise the wisdom of its provisions.

We think the order of the circuit judge should be reversed.

The other Justices concurred.