JOSEPH BERLES v. EVERETT D. COMSTOCK, CIRCUIT COURT COMMISSIONER OF KENT COUNTY.

*Execution—Discovery—Sufficiency of affidavit.*

Under How. Stat. § 8107, which provides that when an execution against the property of a judgment debtor shall have been returned unsatisfied, in whole or in part, the judgment creditor may obtain an order from a circuit judge or circuit court commissioner requiring the judgment debtor to appear and make discovery on oath concerning his property, a showing by affidavit that an execution has been returned unsatisfied warrants the making of said order.

*Certiorari* to Kent.    (Adsit, J.)    Submitted on briefs January 23, 1895.    Decided February 12, 1895.

Relator applied to the circuit court for *mandamus* to compel respondent to set aside an order requiring relator to appear before him and submit to an examination concerning his property, and brings *certiorari* to review order denying the writ.    Affirmed.    The facts are stated in the opinion.

*Fletcher & Wanty,* for relator.

*Rood & Ryan,* for respondent.

GRANT, J.   Judgment was rendered in the circuit court
for the county of Kent against the relator for $991.53 and
costs.   Execution was issued, and returned *nulla bona.*
The plaintiffs in that suit thereupon presented an affidavit
to one of the circuit court commissioners of Kent county
for an examination of the relator under oath, and the
discovery of his property, in accordance with the provisions
of How. Stat. § 8107.   The commissioner made an order
for the relator to appear before him at a specified time
for examination.   The relator then applied to the circuit
court of the county of Kent for the writ of *mandamus* to
compel the vacation of this order by the commissioner.
The circuit court denied the writ, and the case is now
before us for review on a writ of *certiorari.*

The contention of the learned counsel for the relator is
that the affidavit was not sufficient to authorize the issu-
ance of the order, and to entitle the plaintiffs to an
axamination of their judgment debtor, in that it showed
no ground for the order other than the fact of the return
of the sheriff to the writ of execution.

The validity of this statute was sustained in *Lee v. Cir-
cuit Judge,* 101 Mich. 406.   The statute is silent as to the
preliminary proceedings requisite to authorize the examina-
tion by the judge or commissioner.   The only prerequisite
provided in the statute is the return of an execution
unsatisfied, whereupon—

"The judgment creditor may obtain an order from the
judge of the court in which the judgment was obtained,
or from the judge of the circuit court for the county in
which the defendant resides, or from the circuit court
commissioner of any such county,   *   *   *   requiring
the judgment debtor to appear and make discovery on
oath," etc.

The object of this statute is to provide a summary and
inexpensive method by which judgment creditors, after

the failure of the sheriff to find any property, may determine, by an examination of the debtor, whether he has property subject to execution. If such creditor were required to make a showing by affidavit that he believed the debtor was secreting his property, or had transferred it with intent to defraud his creditors, or to specify the property, the statute would prove of no avail in many cases. In New York and Minnesota it is held, under similar statutes, that no such showing is necessary. *Lathrop v. Clapp*, 40 N. Y. 334; *Kay v. Vischers*, 9 Minn. 270. It is true that the statutes of those states use language different from ours, but not so different as, in our judgment, to prevent the application of the rule they have adopted to our statute. The Minnesota statute provides that, upon the return of an execution unsatisfied, the creditor "shall thereupon be entitled to an order requiring the judgment debtor to appear and answer concerning his property." The statute of New York is no stronger. Neither provides for preliminary proceedings. We can see no reason why one rule should be adopted where the statute says that a creditor "shall be entitled," and a different rule where it says "he may have such order." The purpose of all these statutes is to give a summary proceeding where the sheriff is unable to find property on which to levy his writ.

A different rule prevails in North Carolina. *Hinsdale v. Sinclair*, 83 N. C. 343. In that state the distinction between law and equity was abolished, and in construing this statute the court recognized and adopted the proceeding provided by the former system. At page 343 is this language:

"This construction of the statute on the subject of supplemental proceedings is adopted by way of as near conformity as possible to the *ca. sa.* under our former system, of which it is in part a substitute, to have which

it was a prerequisite to exhaust all liens by levy, and, besides, show by affidavit the non-existence of property which could be reached by a *fi. fa.*, and the existence of property which could not be reached by a *fi. fa.*"

The judgment of the court below is affirmed, with costs.

The other Justices concurred.