SHEPARD *v.* KENT CIRCUIT JUDGE.

CONTEMPT—REFUSAL OF DEBTOR TO MAKE DISCLOSURE.

Under sections 9 and 10 of the statute authorizing proceedings at law in the nature of a judgment creditor's bill (2 How. Stat. § 8107 *et seq.*), the circuit court has power to punish as for contempt a debtor who refuses to appear before a circuit court commissioner, and make discovery on oath concerning his property, pursuant to the provisions of said act.

*Mandamus* by C. Sidney Shepard and others to compel William E. Grove, circuit judge of Kent county, to issue an attachment against one Joseph Berles for contempt in failing to comply with an order of a circuit court commissioner to appear and make discovery concerning his property. Submitted April 7, 189 6. Writ granted June 30, 1896.

*Rood & Ryan,* for relators.

*Fletcher & Wanty,* for respondent.

GRANT, J. The relators obtained a judgment in the circuit court for the county of Kent against Joseph Berles. *Berles* v. *Comstock,* 104 Mich. 129. After that decision, Mr. Berles refused to appear before the commissioner and make disclosure, and the relators thereupon applied to the circuit court for an attachment against him for contempt. An order to show cause was issued and served. Mr. Berles replied thereto, denying the jurisdiction of the court to punish for contempt. This presents the sole issue in the case.

The validity of the act of the legislature under which this proceeding was instituted was sustained in *Lee* v.

*Kalamazoo Circuit Judge*, 101 Mich. 406.   It is alleged
that this is not a proceeding pending in court, but before
a circuit court commissioner, whose sole authority is de-
rived from the statute.   The power of courts to punish
for contempts has been fully discussed in *Re Chad-
wick, ante*, 588.   The only provision of chapter 278, 2
How. Stat., in regard to punishing witnesses or parties
for disobeying the order of the commissioner, is section
8115, which reads as follows:

"If any party or witness shall disobey any order of the
judge or commissioner, made in pursuance of this act,
and duly served, such party or witness may be punished
by the judge as for a contempt, in the same manner as
the circuit court may punish for contempt."

The power thus lodged by this section in the circuit
judge is not exclusively in that officer.   It is a cumulative
remedy, and does not take away the jurisdiction of the
courts in such case.   We think the learned circuit judge
was in error in holding that the circuit court had no juris-
diction.   It is true that the commissioner does not proceed
under the direct order of the court, but by virtue of the
power conferred upon him by statute.   The proceeding is
supplementary to the judgment rendered in court.   The
power to punish for contempt is directly conferred upon
the circuit judge.   We think that this order, which a
circuit judge is authorized to make at chambers, may also
be made by the court.   2 How. Stat. § 8116.   If there be
no power to compel the debtor to make disclosure, then
the statute is nugatory, and of no use.   The circuit court
commissioner is a constitutional officer, and, by section
16 of article 6, "may be vested with judicial powers not
exceeding those of a judge of the circuit court at cham-
bers."   In this matter he acted judicially, and the only
method by which his jurisdiction can be sustained is by
proceedings for contempt.   The following authorities,
we think, sustain this position:   *Tremain* v. *Richard-
son*, 68 N. Y. 617; *Wicker* v. *Dresser*, 13 How. Prac.

331; *People* v. *Kelly*, 22 How. Prac. 309. See, also, *Lathrop* v. *Clapp*, 40 N. Y. 328 (100 Am. Dec. 493).

The writ must issue.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.