GRAND RAPIDS SAVINGS BANK *v.* WIDDICOMB.

1. JUDGMENT DEBTORS — DISCOVERY OF ASSETS — VALIDITY OF STATUTE.

The validity of the statute providing for proceedings at law to compel a discovery of the assets of a judgment debtor (2 How. Stat. chap. 278) was reaffirmed.

2. JUDGMENTS—MISTAKE IN ENTRY—AMENDMENT.

A mistake of the clerk in entering a judgment as if taken on default, where issue had been duly joined, and no defense was interposed, defendant consenting to judgment, may be corrected by an amendment *nunc pro tunc,* under 2 How. Stat. §§ 7633, 7635.

*Certiorari* to Gerrit H. Albers, circuit court commissioner of Kent county. Submitted October 8, 1897. Decided October 25, 1897.

The Grand Rapids Savings Bank recovered a judgment against John Widdicomb. Execution having been returned unsatisfied, plaintiff applied to a commissioner for an order requiring defendant to appear and make discovery of his assets, under 2 How. Stat. chap. 278. The order was granted, and defendant removed the proceedings to this court by *certiorari.* Affirmed.

*Fletcher & Wanty,* for appellant.

*Butterfield & Keeney,* for appellee.

PER CURIAM. The proceedings in this case, and the main questions involved, are like those in *Berles* v. *Comstock,* 104 Mich. 129. The learned counsel for appellant concede that that decision is adverse to their contention, but ask us to overrule it, as well as the case of *Lee* v. *Kalamazoo Circuit Judge,* 101 Mich. 406. The validity of the statute was fully discussed in those cases, and we see no reason for overruling them.

Plaintiff brought suit in the circuit court on a promissory note executed by the defendant. Issue was duly joined, and, upon the inquest under the rule, no defense was interposed, but defendant consented to judgment, and the costs were taxed by consent in open court. By mistake, the clerk entered the judgment as if taken upon default. After the execution was returned unsatisfied, and this proceeding was commenced, the mistake was discovered. Thereupon the court, upon proper motion, amended the judgment entry *nunc pro tunc*. The amendment was authorized by sections 7633 and 7635, 2 How. Stat. The mistake in no sense prejudiced defendant, or affected the validity of the proceedings under the execution.

Judgment affirmed.