HUMBER *v.* WAYNE CIRCUIT JUDGE.

1. TRIAL—PROCEEDINGS FOR DISCOVERY MAY BE IN COURT OR AT CHAMBERS.

   Proceedings for discovery under 3 Comp. Laws 1915, § 13378 *et seq.,* may be in court or at chambers (section 13387).

2. SAME—AMENDMENT OF ORDER PROPERLY PRESENTED TO PRESIDING JUDGE.

   Where court order for discovery pursuant to 3 Comp. Laws 1915, § 13378 *et seq.,* was made, but service thereof could not be had on debtor because of his absence from country, motion for order fixing new date for hearing, upon his return, was properly presented to presiding judge rather than to judge making original order, under rule of circuit providing that *ex parte* amendment or change of order of court be presented only to presiding judge; said rule being beneficial to litigants and convenient to both bench and bar and not in conflict with statutory requirements for proceedings in question.

Mandamus by A. Milton Humber to compel Theodore J. Richter, Wayne circuit judge, to vacate an order fixing a date for hearing on a previous order for discovery. Submitted December 17, 1929. (Calendar No. 34,689.) Writ denied January 24, 1930.

*Frank C. Golden* and *Donald A. Wallace (Joseph B. Beckenstein,* of counsel), for plaintiff.

*Fred H. Aldrich,* for defendant.

CLARK, J. This plaintiff and another are judgment debtors. The judgment creditors presented petition to the circuit court, Hon. Adolph F. Marschner, circuit judge, for discovery pursuant to 3 Comp. Laws 1915, § 13378 *et seq.* The order was made. Required service could not be had upon plaintiff because of his absence from the country. Later, it

appearing that service could be made, the creditors filed and presented petition or motion praying an order fixing a new and different date for hearing. The order was made by Hon. Theodore J. Richter, presiding circuit judge of the Wayne circuit. Plaintiff contends, on mandamus, that the order of Judge Richter is void, that the original order is an order by the judge, not by the court, and could be amended only by the judge who made it, and that the statute provides proceedings by a judge, not by the court.

The statute is that proceedings may be in court or at chambers. 3 Comp. Laws 1915, § 13387. This has been recognized by the court. *Shepard* v. *Kent Circuit Judge,* 109 Mich. 606.

The original order here was a court order. It was made in open court. It required the debtors to make discovery before Judge Marschner, circuit judge, in court, and to show cause why a receiver should not be appointed by the court.

The creditors, having opportunity to make service, and seeking for that purpose the fixing of a new date of hearing, prayed order to that effect. They sought *ex parte* amendment or change of an order of the court. A rule of the circuit is that such matters be presented only to the presiding judge. The rule, beneficial to litigants and convenient to both bench and bar, is upheld as not in conflict with the statutory requirements for the proceedings in question.

The return of Judge Richter indicates that the hearing will be before Judge Marschner. We see no possible prejudice to plaintiff.

No other question calls for discussion.

Writ denied with costs to defendant.

WIEST, C. J., and BUTZEL, POTTER, SHARPE, FEAD, and NORTH, JJ., concurred. McDONALD, J., took no part in this decision.