KRAFT *v.* STOTT.

1. CREDITORS' SUIT—MONEY DECREE—EQUITY—JURISDICTION.
   Holder of money decree on which execution has been issued and returned unsatisfied *may* proceed under chapter of judicature act relative to proceedings at law in the nature of a judgment creditor's bill for discovery but is not required to do so, there being statutory jurisdiction in the chancery side of the court providing, substantially and concurrently, the same remedy (3 Comp. Laws 1929, §§ 13944, 15125 *et seq.*; Court Rule No. 52 [1933]).

2. COURTS—CONSTITUTIONAL LAW—DISTINCTION BETWEEN LAW AND EQUITY.
   It is the policy of the courts and a requirement of the legislature by the Constitution that the distinction between law and equity be abolished or at least minimized (Const. 1908, art. 7, § 5).

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 7, 1936. (Docket No. 24, Calendar No. 39,077.) Decided December 9, 1936. Rehearing denied January 20, 1937.

Bill in aid of execution by William Kraft and wife against Bertha A. Stott. Bill dismissed. Plaintiffs appeal. Reversed and case remanded for further proceedings.

*Blain & Crane* (*Baubie & Baubie,* of counsel), for plaintiffs.

*Lewis & Watkins,* for defendant.

NORTH, C. J. In October, 1934, plaintiffs had a decree in chancery which resulted in a money deficiency being adjudicated in their favor and against defendant for nearly $4,000. Execution was issued and returned *nulla bona.* Thereafter (October 9, 1935) plaintiffs instituted this suit in equity as a creditors' bill for discovery, injunctive relief and the appointment of a receiver. Defendant answered and proofs were taken before a circuit court commissioner. The court appointed a receiver. Subsequently, defendant moved to dismiss the bill of complaint and discharge the receiver on the ground "that this court has no jurisdiction of the subject matter of this action, it being a judgment creditor's bill in chancery for discovery, which may be only based upon execution returned unsatisfied *upon a judgment at law,* whereas plaintiffs' bill is based upon execution returned unsatisfied issued upon a deficiency decree in chancery."

The circuit judge held that the equity court had no jurisdiction. Plaintiffs declined to make a motion to transfer the case to the law side of the court,

and thereupon the circuit judge entered decree dismissing the bill of complaint. Plaintiffs have appealed.

The question is this: Have these plaintiffs a right to file this bill in equity to aid them in satisfying a money decree, as distinguished from a judgment at law? In the latter case, after return of execution unsatisfied, the statute expressly provides for "a bill in chancery." 3 Comp. Laws 1929, § 13944. But the statute does not in express terms include a money *decree* on which execution has issued and been returned unsatisfied. On this account and because it was held that the plaintiffs had an adequate remedy at law, the circuit judge dismissed the bill of complaint. The remedy at law, which plaintiffs are said to have, is provided in Act No. 314, chap. 34, Pub. Acts 1915 (3 Comp. Laws 1929, § 15125 *et seq.*). This chapter is headed "Proceedings at law in the nature of a judgment creditor's bill." We quote section 15125:

"Section 1. When an execution against the property of a judgment debtor, issued to the sheriff of the county in which he resides, or, if he reside out of the State, to the sheriff of the county in which the judgment was recorded, or a transcript thereof filed, shall be returned unsatisfied in whole or in part, the judgment creditor may obtain an order from the judge of the court in which the judgment was obtained, or from the judge of the circuit court for the county in which the defendant resides, or from the circuit court commissioner of any such county, or of the county in which a transcript may have been filed as aforesaid, requiring the judgment debtor to appear and make discovery on oath, concerning his property or any debts due or to become due to him, before such judge or commissioner, at a time and place specified in the order."

The chapter contains further provisions empowering the court to appoint a receiver and to restrain the transfer of property. One who has a money decree in equity on which execution has been issued and returned unsatisfied may proceed under the provisions of chapter 34. *Clement, Bane & Co.* v. *Oceana Circuit Judge,* 119 Mich. 605. But the present question is whether one holding such a decree *must* proceed, if he seeks relief of this character, under the provisions of chapter 34, or may he file, as did the plaintiffs in this case, a bill in chancery under 3 Comp. Laws 1929, § 13944.

In *Jenks* v. *Horton,* 114 Mich. 48, this court said:

"We are not prepared to say that a decree of a court of equity, upon which execution had issued, and been returned unsatisfied, would not be sufficient to justify filing a creditor's bill, or a bill in aid of execution."

In discussing the provisions of chapter 34 this court in *Lee* v. *Kalamazoo Circuit Judge,* 101 Mich. 406, has called attention to Const. 1850, art. 6, § 5, being Const. 1908, art. 7, § 5, which provides:

"The legislature shall, as far as practical, abolish distinctions between law and equity proceedings."

While it is not so held in the case just above quoted, the decision is suggestive of the thought that when the legislature enacted the provisions of chapter 34 an attempt was made to provide substantially the same remedy on the law side of the court as existed on the equity side, and that the two should exist concurrently. There is no material conflict between the two statutory procedures. Chapter 34 neither expressly, nor by implication, repeals the provisions of section 13944.

Court Rule No. 52 (1933), rather plainly indicates that a creditor's bill may be resorted to for discovering means of satisfying either a judgment or a decree as to which execution has been returned unsatisfied. We quote the rule in part:

"SECTION 1. A creditor's bill, to reach equitable interests of a debtor, shall show the true sum actually and equitably due the plaintiff on his *judgment or decree.*"

In view of the policy of courts to abolish or at least to minimize the distinction between law and equity, and because there is no apparent conflict or resultant hardship in so holding, we think it was the intention of the legislature and should be held as a matter of law that under appropriate circumstances, such as exist in the instant case, the party holding a decree on which execution has been issued and returned unsatisfied, may proceed either by bill in chancery or at law under the provisions of chapter 34. If otherwise available in a given case, optional methods of procedure are open to the creditor.

While the exact question in the instant case was not then before the court, in *Berles* v. *Comstock,* 104 Mich. 129, it is rather definitely indicated that the statutory proceedings on the law side of the court are not such as prevent the judgment creditor from proceeding by bill in chancery. We quote:

"The object of this statute (3 Comp. Laws 1929, § 15125 *et seq.*) is to provide a summary and inexpensive method by which judgment creditors, after the failure of the sheriff to find any property, may determine, by an examination of the debtor, whether he has property subject to execution."

After referring to similar statutory proceedings in New York and Minnesota, the opinion in the above case continues:

"The purpose of all these statutes is to give a summary proceeding where the sheriff is unable to find property on which to levy his writ."

If instead of adopting the summary proceedings the judgment creditor elects to proceed in chancery by stating a case which comes within the general equity jurisdiction, there is no reason for denying to him such remedy. Indeed, as in the instant case, the judgment creditor, because of his lack of knowledge of what property the judgment debtor is possessed or to what extent he may have sought to place title thereto in third parties, and because it may ultimately be necessary to make such third persons parties to the proceedings, may find in equity a more adequate remedy. Further, as pointed out in *Earle v. Kent Circuit Judge,* 92 Mich. 285, the statute (3 Comp. Laws 1929, § 13944) is not intended to restrict the inherent jurisdiction of courts in chancery. In that case we said:

"The statute (2 How. § 6614, now 3 Comp. Laws 1929, § 13944, subdivision 6) cannot be said to point out the only conditions of equitable relief in cases of this kind."

This conclusion is sustained by adjudicated cases in New York where a like statutory remedy is provided.

"I have no doubt, however, that a creditor, by a decree in chancery, upon the return of his execution unsatisfied, is entitled to the same relief, against the equitable rights and property of his debtor, as a creditor by a judgment at law. Even if the revised

statutes were to be considered as having introduced a new remedy in this respect, this court, upon the equity of the statute, and by analogy, would extend the remedy to a debt liquidated by a decree; and would place it upon the footing of equality with a judgment." *Clarkson* v. *DePeyster & Beekman,* 3 Paige's Chan. (N. Y.) 320.

"This court has already decided that a creditor by decree in chancery is entitled to the same relief against the equitable interests and other property of his debtor, upon the return of an execution unsatisfied, as a creditor in a judgment at law. (*Clarkson* v. *DePeyster & Beekman,* 3 Paige's Chan. [N. Y.] 320.)" *Speiglemyer* v. *Crawford,* 6 Paige's Chan. (N. Y.) 254.

As noted above, we think plaintiffs in the instant case had the option of adopting the summary proceedings at law or filing a bill in chancery in the nature of a judgment creditor's bill. It follows that the decree dismissing plaintiffs' bill of complaint must be reversed and the case remanded for further proceedings in the circuit court in chancery. Appellants will have costs.

Fead, Wiest, Butzel, Bushnell, Sharpe and Toy, JJ., concurred. Potter, J., did not sit.