## MARIA REED v. FRANK G. BAKER.

*Appeal lies from order determining rights of a third person not before the court or subjecting one to inconclusive litigation— Comp. L., ch. 203.*

A assigned a claim which he held against an estate to his wife, but on a proceeding against him in the nature of a creditor's bill, under Comp. L., ch. 203, an order was made declaring the assignment void as against creditors, appointing a receiver, and restraining the transfer to A of the money due to him from the estate, or any interference with it by A or his wife. *Held* that A could appeal from this order, as it would not protect him from proceedings to enforce his liability on the assignment.

One cannot be subjected to litigation except in such a way as will settle the controversy and leave him free from farther litigation for a similar purpose.

One cannot be bound who is not regularly before the court; nor can a decree be rendered against any party before the court, settling any right which can only be lawfully settled by reaching an absent party.

Comp. L., ch. 203, providing for proceedings at law in the nature of a judgment creditor's bill, is criticised as inadequate to reach or protect third persons entitled to due process of law in cases where transactions are attacked for fraud or illegality.

Appeal from the Superior Court of Detroit. Submitted October 29. Decided November 29.

PROCEEDINGS IN THE NATURE OF A JUDGMENT CREDITOR'S BILL. Defendant appeals.

*Alex. D. Fowler* for plaintiff.

*William Jennison* for defendant.

CAMPBELL, C. J. Mrs. Reed, the complainant, commenced proceedings against Baker, the defendant, under Chapter 203 of the Compiled Laws relating to Proceedings at Law in the nature of Judgment Creditors' Bills. Baker was the only person brought in, either as party or witness, and his disclosure is the only evidence in the case. The controversy, so far as it now comes up, arises out of the transfer from him to his wife of so much as was due to him for his services in settling the estate of Alonzo Reed, deceased, in which estate his wife was interested. He testified that he assigned this claim for an indebtedness due from him to his wife for her moneys used by him for his own purposes.

The Superior Court of Detroit, in which the proceeding was had, made an order declaring the assignment from Baker to his wife void, as fraudulent against creditors, and that the moneys should be applied on the complainant's judgment, subject to Mrs. Baker's rights. The court appointed William J. Fowler receiver, and ordered that the transfer of the money due from the estate to Baker, or any interference with it by him or his wife, be restrained. It provides further for suit against her by the receiver. From this Baker appeals.

It is objected that he is not injuriously affected by the order and therefore should not be heard. We do not think this objection is well founded. No person can be subjected properly to litigation except under such circumstances and in such a way as will settle the controversy and leave him free from liability to a second suit of similar character, and for a similar purpose. And we are of opinion that he is damnified by this order. It will not protect him from proceedings by Mrs. Baker to enforce her rights under the assignment.

No decree could be of any efficacy in such a suit which does not reach the property effectually, and determine the title directly, or furnish the means of deter-

mining it.   If Mrs. Baker had been sued so as to be subjected to an ordinary creditor's bill, the validity of the assignment would be settled, one way or the other, for or against her.   But in these proceedings the court cannot find against Baker without also finding against her, and it had no right to undertake such an office, where she is a necessary party.   It could not have been the object of the statute to determine questions in this summary way on any different principles from those which would have prevailed in equity.   The statute apparently intended to bring in parties and pass upon their rights; and section 11 goes so far as to provide for recording decrees in the county registry, so as to bind lands.   But the provisions are defective.

We do not see very clearly by what means this clumsy legislation would reach such results.   But we need not consider its legal validity to bind parties before the court. We think it is beyond question that no person can be bound who is not regularly before the court, nor can any party before the court have a decree rendered against him settling any right which can only be lawfully settled by reaching an absent party.   We are satisfied that the statute is defective in regard to reaching such interests as those here in controversy.   The court has no right to compel Baker to assign to a receiver and create new complications concerning property he has already assigned to a third party not represented.   She has a right to manage her own property undisturbed by any order to which she is a stranger.   And this disturbance cannot be made indirectly any more than directly.

This statute was found so useless and imperfect that the old law was restored in 1855.   Sess. L., 1855, p. 270. There is every reason to suppose the Legislature thought they were repealing the statute entirely, but the compilers have assumed correctly, as it would seem, that only section 16 was repealed, which had forbidden creditors' bills.   The proceeding is deficient in so many respects, and so inadequate to either reach or protect third

persons, who are entitled to due process of law, that it is much to be regretted that any one should be misled into resorting to it in cases where dealings are attacked for fraud or illegality.

We do not intimate that fraud is made out in this case. We think the proceedings are not of such a nature as to open that inquiry.

The decree must be reversed with costs, and the proceeding dismissed.

The other Justices concurred.