### C. C. Coe v. John Garvey et al.

1. COMITY—*effect given to judgments of sister states.* In order that a judgment or decree of one state may be recognized and enforced in a sister state, it is necessary that the court which rendered the same should have been possessed of authority to render such a judgment and should have had jurisdiction over the subject-matter of the controversy, and, where the judgment is sought to be given effect as a judgment *in personam,* that the party should have been subject to or brought within its jurisdiction; and, further, that a judgment *in personam* against a nonresident, without actual service or voluntary appearance, but based upon constructive service by publication, will be regarded as void and a mere nullity, and that only a proceeding substantially *in rem* can be had on such service.

2. BILL OF INTERPLEADER—*character of proceeding.* A proceeding instituted by bill of interpleader is a proceeding *in personam.*

3. BILL OF INTERPLEADER—*what essential to valid judgment in.* A decree in a proceeding instituted by a bill of interpleader against

a nonresident who has neither been served with process within the state nor entered his appearance in the cause, is a nullity.

Bill of interpleader. Appeal from the Circuit Court of Sangamon county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard, in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

PATTON & PATTON, for appellant.

HAMILTON & CATRON, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

On October 13, 1905, appellee Garvey filed a bill of interpleader in the Circuit Court of Sangamon county, to which appellant Coe and appellees Young, Giles and Webb were made parties defendant. The bill, which was verified, alleges that on December 8, 1903, the complainant Garvey bought of defendant Coe 5,480 acres of Kansas land, and that he had paid all the purchase money therefor except the sum of $1,389.65; that the defendants Young, Giles and Bradley claimed that they were each entitled to some or all of said sum, and that Young and Giles had brought suit against the complainant therefor to the November term 1905 of the Sangamon County Circuit Court; that the defendant Coe had threatened to do likewise; that complainant was ready and willing to pay said money to the person or persons legally entitled thereto; and thereby offered to bring and pay the same into court for the benefit of whomsoever was entitled to it, and subject to further order of the court. Young, Giles and Webb were nonresidents of the State, and service was had upon them by publication. Coe, who was personally served with process, filed his answer to said bill, claiming the fund in controversy. The nonresident defendants were ruled to answer and failed to do so, but no default was taken against them. On January 2, 1906, Young and Giles who had there-

tofore brought suit against Garvey in said court, as
alleged in his bill, dismissed the same. On February
7, 1906, appellant Coe filed a cross-bill in said cause
to which Garvey, Young, Giles and Webb were made
parties defendant, and obtained a rule upon all of
them to answer the same by February 12, following.
On February 14, no answer or answers hav-
ing been filed thereto, a default against all
of said defendants to said cross-bill was en-
tered. Whereupon Garvey filed motions asking
for leave to dismiss his bill of interpleader;
that the default against him and the other
defendants to the cross-bill be set aside and, further,
that said cross-bill be dismissed. In support of such
motions he filed his affidavit setting up the foregoing
facts and averring that on July 24, 1905, Young and
Giles had brought an attachment suit against Coe in
the District Court of Hodgeman county, Kansas;
that on December 29, 1905, while affiant was in Kan-
sas upon business, he was served with a garnishee
process in said attachment suit, and that he had after-
ward made answer in said suit that he was indebted
to Coe in the sum of $1,385.15.

Said affidavit further avers, upon information and
belief, that Coe had declared that he would make no
defense to said attachment suit, and that affiant
feared that judgment would be rendered against him
for the sum held by him, and that if he proceeded to
press his bill of interpleader in the Circuit Court of
Sangamon county to a decree, he would be required
to pay the fund into said court; that he had been in-
formed and believed that such a decree would not be
binding upon Young and Giles, and that the Dis-
trict Court in Kansas would disregard the same and
require affiant to pay said sum to Young and Giles,
thereby compelling him to pay the same debt twice.

The Circuit Court granted said motions, dismissed
the original bill, set aside the defaults to the cross-bill,

and dismissed the same. From said decree this appeal is prayed by Coe.

We understand the law to be that in order that a judgment or decree of one state may be recognized and enforced in a sister state, it is necessary that the court which rendered the same should have been possessed of authority to render such a judgment and should have had jurisdiction over the subject-matter of the controversy, and, where the judgment is sought to be given effect as a judgment *in personam,* that the parties should have been subject to or brought within its jurisdiction. 13 A. & E. Ency. Law, 988. And further that a judgment *in personam* against a non-resident without actual service or voluntary appearance, but based on constructive service by publication, will be regarded as void and a mere nullity, and that only a proceeding substantially *in rem* can be had on such service. Black on Judgments, 906.

A determination of the question as to whether a proceeding by bill of interpleader, such as the present one, is a proceeding substantially *in rem,* will be decisive of the propriety of the decree here involved.

Appellants contend that inasmuch as the fund in controversy is peculiarly within the jurisdiction and control of the court, and the sole object and purpose of the proceeding is to determine the rights of the parties to such fund, and no decree *in personam,* even for costs, being sought or necessary, and the decree to be rendered would operate only against the fund or *res,* in controversy, the proceeding is substantially a proceeding *in rem,* and that constructive or substituted service is all that is essential.

If the property in controversy could be said to be within the jurisdiction and control of the court, there would be force in appellants' contention. So far as property situated within its jurisdiction is involved, a court has jurisdiction to decree concerning it and all parties and those claiming through or under them are bound, notwithstanding no jurisdiction is ob-

Toledo, St. L. & W. R. R. Co. v. Gerard.

tained of their persons by personal service or voluntary appearance. Williams v. Williams, 221 Ill. 541. The offer made by appellee in his bill to pay a certain sum of money into court, and asking leave to do so, clearly constituted but an offer which he was at liberty to withdraw at any time before the decree, by dismissing his bill. The proceeding was unlike an ordinary proceeding affecting real estate situated within this State, nor was it similar to a proceeding to establish a lien, by attachment, garnishment, or otherwise, against a thing belonging to a nonresident within the jurisdiction of the court, whereby such thing or property only is affected. It was therefore not a proceeding *in rem,* nor in the nature of such, and a decree against the nonresident defendants who had neither been served with process within the State, nor entered their appearance in the suit, would have been a mere nullity. Gary v. Aid Ass'n, 87 Iowa, 25.

The decree of the chancellor is right and is affirmed.

*Affirmed.*