HESSER G. McBRIDE and HARRY H. RICHMAN, as executors of the estate of Edward M. Richman, deceased,

*v.*

MABEL BROOKS GARLAND and the PRUDENTIAL INSURANCE COMPANY OF AMERICA.

[Decided June 18th, 1918.]

1. That an insured had his life insurance policy made payable to his mistress, upon her promise to continue illicit relations with him, does not entitle the executors of insured's estate, upon insured's death, to have the policy reformed to make it payable to them.

2. Where there is no fund or policy within the jurisdiction of the court, in a suit to reform a life insurance policy to change the beneficiary thereof, the named beneficiary is a necessary party and he cannot be forced into the jurisdiction by publication, as the action is one *in personam* and not *in rem* or *quasi in rem.*

3. That a necessary party who refuses to appear cannot be brought within the jurisdiction of the court by service of process cannot be raised by motion to strike out the bill, but may be raised by motion to stay the suit until such defendant actually be in.

———————

On bill. On order to show cause. On motion to strike out bill.

*Mr. George Edward Quigley,* for the complainants.

*Messrs. Wolber & Blake,* for the defendant Mabel Brooks Garland.

*Mr. Alfred Hurrell* and *Mr. James Guest,* for the Prudential Insurance Company of America.

LANE, V. C.

The bill, considered as favorably to complainants as possible, may be said to allege that the Prudential Insurance Company of America, at the request of Edward M. Richman, deceased, and in consideration of premium paid by him, issued its policy of insurance upon his life, payable to Mabel Brooks Garland, his mistress; that Richman obtained the policy and had it made payable to Garland upon Garland's promise that she would continue illicit relations with him; that such illicit relations continued; that the contract between Garland and Richman was immoral and illegal; that the policy provided that in case of the death of Garland prior to Richman, the proceeds should be paid to the executors, administrators or assigns of Richman. No other provision of the policy is set out. The bill alleges that the proceeds should be paid not to Garland but to the contingent beneficiaries. The bill also prays that the policy be reformed by striking out the provisions making it payable to Garland and inserting a provision making it payable to the executors, administrators or assigns of Richman.

I have not been favored with a brief of complainants. The defendant Prudential company, moving to strike out, has furnished me with exhaustive briefs. It seems to me that it would be superfluous to consider the numerous cases cited. Upon what theory complainants insist that the proceeds should be paid to them, as contingent beneficiaries, is not disclosed. It is only in case Garland predeceases Richman that the latter's executors, administrators or assigns are given any rights under the policy. The fact that Garland was the mistress of Richman, and that the policy was made payable to her for this reason, does not equal her death. The attempt of complainants, in reality, is not to re-

form the policy but to make a contract not thought of by either of the parties to it. It seems to be the idea of complainants that, because Garland induced Richman to have the policy written in her favor by an immoral promise, this court may compel the Prudential company, not a party to the immoral transaction, to make a contract which it never dreamed of making. Whether the Prudential company can resist the claim made by Garland is, so far as the allegations of the bill disclose, no concern whatever of complainants. Their uttermost rights would be to recover, for the estate, the premiums paid by Richman if, in fact, the Prudential company does not pay the amount due on the policy. No case has been brought to my attention that would warrant the court in taking any such action as complainants ask.

As there may be an application to amend the bill, there is another insurmountable difficulty to the granting of any relief that should be mentioned. Defendant Garland is a necessary party. She is a non-resident and has appeared specially objecting to the jurisdiction of the court. Her objection is well founded. The action is one *in personam* and not *in rem* or *quasi in rem*. *Cross* v. *Armstrong (Ohio), 10 N. E. Rep. 160; Gary* v. *Northwestern Masonic Aid Association (Iowa, 1891), 50 N. W. Rep. 27; Coe* v. *Garvey (Ill.), 130 Ill. App. 221.*

There is no fund within the jurisdiction of this court. The policy is not within the jurisdiction of this court, so that even if *Ely* v. *Hartford Life Insurance Co., 110 S. W. Rep. 265,* may be considered as expressing good law, complainants are not aided. The Prudential company could not interplead unless it could acquire jurisdiction over defendant Garland by personal service or appearance. *Hills* v. *Aetna Life Insurance Co. (Circuit Court, Judge Speer, 1916), 39 N. J. L. J. 132; Hinton* v. *Penn Mutual Life Insurance Co. (N. C.), 35 S. E. Rep. 182; Gary* v. *Northwestern Masonic Aid Association, supra.* Any decree which might be rendered in this court would not bind defendant Garland and she might sue the company in California or any other state. That a double recovery is not a remote possibility is illustrated by a consideration of some of the foregoing cases in which it has actually occurred. It seems to me that defendant Garland is a necessary party and that this suit can-

not proceed without her presence. *Reed* v. *Baker* (*Mich.*), *3 N. W. Rep. 959; Hyams* v. *Old Dominion Co., 204 Fed. Rep. 681.* This being so, it would be useless to permit the bill to be amended unless defendant Garland agrees to appear. *Hyams* v. *Old Dominion Co., supra.* The fact that defendant Garland cannot be brought within the jurisdiction of the court cannot, of course, be raised by motion to strike out. It may be raised by motion to stay the suit until the defendant be brought in. Whether it should not be raised by answer in lieu of plea under the sixty-eighth rule with permission to defendant to answer over if the plea be found insufficient or untrue and what, if such a plea be filed and found true and sufficient, the decree should be, are questions not now before me. In any event, it appearing on the return of the order to show cause that defendant Garland has not been served with process within the state and will not appear, the order to show cause would have to be dismissed and the restraint dissolved even if the bill were sufficient.

The motion to strike out will be granted; the order to show cause dismissed and the restraint dissolved. Settle order on two days' notice.