The bill seeks to reform a policy of life insurance by substituting the clause: *Page 25 
"Payable to Emma R Cameron, wife of the insured, if she should survive him; otherwise to Bertha Clement and Myrtle Grant, sisters of the insured, in equal shares, or the survivor, should neither of them survive the insured, then to the insured's estate"
for the clause:
"Payable to my sisters, Bertha Clement and Myrtle Grant, in equal shares, and the survivor, should neither of them survive, then to my executors, administrators or assigns"
now in the policy which is in the possession of the complainant, the widow of the insured. The defendants are the insurance company which issued the policy and the two named beneficiaries as the policy now reads. The defendant insurance company and one of the named beneficiaries are properly in court by service of process within the state, and the other, Bertha Clement, who is a non-resident of this state, was served by publication and now appears specially, by leave of court, and challenges the jurisdiction. The decision, admittedly, turns upon the question as to whether this is a proceeding in personam, or in rem orquasi in rem. If the former, the service should be set aside (Wilson v. American Palace Car Co., 65 N.J. Eq. 730), if either of the latter, the service is good and this defendant should answer. Andrews v. The Guayaquil and Quito Railway Co.,69 N.J. Eq. 211; affirmed, 71 N.J. Eq. 768; Amparo Mining Co. v.Fidelity Trust Co., 74 N.J. Eq. 197; affirmed, 75 N.J. Eq. 555.
The objecting defendant relies mainly upon McBride v.Garland, 89 N.J. Eq. 314, in which it was sought to enjoin an insurance company from paying the proceeds of an insurance policy to the beneficiary named therein on the ground that the contract of insurance was based upon an illegal consideration, and a decree directing payment of the proceeds of the policy to the complainants, and for reformation of the policy itself, was also asked. As to the prayer for reformation, Vice-Chancellor Lane said:
"Defendant Garland is a necessary party. She is a non-resident and has appeared specially objecting to the jurisdiction of the court. Her objection is well founded. The action *Page 26 
is one in personam and not in rem or quasi in rem. Cross v.Armstrong (Ohio), 10 N.E. Rep. 160; Gary v. NorthwesternMasonic Aid Association (Iowa, 1891), 50 N.W. Rep. 27; Coe
v. Garvey (Ill.), 130 Ill. App. 221.
"There is no fund within the jurisdiction of this court. The policy is not within the jurisdiction of this court, so that even if Ely v. Hartford Life Insurance Co., 110 S.W. Rep. 265, may be considered as expressing good law, complainants are not aided. The Prudential Company could not interplead unless it could acquire jurisdiction over defendant Garland by personal service or appearance. Hills v. Aetna Life Insurance Co. (CircuitCourt, Judge Speer, 1916), 39 N.J.L.J. 132; Hinton v. PennMutual Life Insurance Co. (N.C.), 35 S.E. Rep. 182; Gary v.Northwestern Masonic Aid Association, supra. Any decree which might be rendered in this court would not bind defendant Garland and she might sue the company in California or any other state. * * * It seems to me that defendant Garland is a necessary party and that this suit cannot proceed without her presence. Reed v.Baker (Mich.), 3 N.W. Rep. 959; Hyams v. Old Dominion Co.,204 Fed. Rep. 681."
But that case and other cases cited by counsel for the objecting defendant are all distinguishable from the instant case in that they were either interpleader suits, suits in which a money decree was sought against the non-resident defendant or other actions strictly in personam. In the McBride Case, Vice-Chancellor Lane expressly stated that the policy was not within the control of the court and his conclusion that the action was in personam and not in rem or quasi in rem was based upon this fact. (See syllabus, paragraph 2.) There was nores within the state upon which the decree in that cause could operate, and a decree against the non-resident defendant would have been one purely in personam. But here no money decree is sought against the non-resident defendant, and the policy, theres, against which a decree of reformation, if entered, will become effective, is in the possession of the complainant and within the control of the court. Such a decree, as to this defendant, will affect only the policy *Page 27 
by determining its form and will not be dispositive of her claim thereunder. That claim will be disposed of in the interpleader suit brought against the insurance company in the federal court in Pennsylvania, in which jurisdiction over this defendant has been acquired and which proceeding has been stayed pending the disposition of this action. "The bill, as filed, does not seek relief beyond the reformation of the policy of insurance. If that is secured the action at law remains to be heard." Abraham v.North German Fire Insurance Co., 37 Fed. Rep. 731;3 L.R.A. 188. She is given notice of this suit, not that she may now establish her right to participate in the proceeds of the policy, but that she may be heard on the issue respecting the identity of the terms of the contract of insurance. It is true that a determination of the terms of that contract may also be dispositive of her claim which is now pending in another court. On the other hand, that determination may definitely establish that claim; but the issue here concerns merely the terms of the contract and not the right to the proceeds. If she should sue on the policy in the courts of any other state, suit could be brought only on the policy as reformed. And in the interpleader suit now pending the reformed policy will be evidential.Abraham v. North German Fire Insurance Co., supra.
Of course, the policy will not be reformed except upon clear and convincing proof that the actual contract was different from what it appears to have been on the face of the policy as it now reads, and that the actual contract was not written in the policy because of mutual mistake of the parties. If the contract was as alleged in the bill, then, of course, this defendant has no rights thereunder, and a reformation of the policy, so that it will express the real contract of the parties, will not deprive her of any property without due process of law, because she never had any such property.
In my judgment, this is a proceeding quasi in rem, at least in so far as the non-resident defendant is concerned. It is a suit against her only in respect to the res. "Quasi in rem is a term applied to proceedings which are not strictly and purely inrem, but are brought against the defendant personally *Page 28 
although the real object is to deal with particular property." 1C.J. 929. Proceedings quasi in rem are described in23 Cyc. 1410, by the author of Black on Judgments in the following language: "Judgments dealing with the status, ownership, or liability of particular property, but which are intended to operate on these questions only as between the particular parties to the proceedings, and not to ascertain or cut off the rights or interests of all possible claimants, are so far in rem that jurisdiction may be acquired by the seizure or control of the court over the res, together with reasonable constructive notice to the parties defendant, but, unlike judgments strictlyin rem, they are binding only upon the parties joined in the action and thus notified, and have no effect upon the rights or liabilities of strangers." See, also, 34 C.J. 1175. I am aware that in 53 C.J. 992, and in 23 R.C.L. 355, it is stated that a proceeding to reform a written instrument is in personam and not in rem. But not every suit to reform a written instrument is considered an action in personam. Actions to reform or correct deeds are held to be in rem or quasi in rem. 50 C.J.505 tit. "Process" ¶ 121; Corson v. Shoemaker, 55 Minn. 386;57 N.W. Rep. 134; Veeder v. Gilmer, 47 Tex. Civil App. 464;105 S.W. Rep. 331. So, also, to reform notes. 50 C.J. 505; Doepke
v. Christy Box Car Loader Co., 14 Oh. N.P.N.S. 523. See, also,23 R.C.L. 356; and to cancel a deed, Hart v. Sansom,110 U.S. 151; 28 L.Ed. 101. Such actions may be in personam as to the parties to the contract or instrument sought to be reformed; but as to third parties, whose rights are incidental only, and depend upon what the contract in fact is, not upon what it appears to be, the suit is quasi in rem. It is possible for an action to be in personam as to one defendant and quasi in rem
as to another. In Amparo Mining Co. v. Fidelity Trust Co.,supra, it was held that where the issue involved concerned the title to stock of a corporation domiciled in New Jersey the court may obtain jurisdiction over a non-resident claimant to such stock by substituted service under our Chancery act, and that such proceeding is quasi in rem. In that case (at p. 556), Mr. Justice Swayze, speaking for the court of errors and appeals, said: *Page 29 
"The question whether the proceeding can be sustained as a proceeding quasi in rem depends, of course, upon whether there is a res in this state upon which the decree can operate. That involves the question whether the stock of a New Jersey corporation belonging to a resident of another state can be said to have a situs in New Jersey, when it does not appear that the certificates of stock are within the state."
The court there discussed and applied the rule of Jellenik v.Huron Copper Mining Co., 177 U.S. 1. Continuing, Mr. Justice Swayze said:
"We think there is a res within the state and that no personal action of the defendant is necessary which would require a decree in personam."
There is a strong analogy between the instant case and theAmparo Mining Company Case in so far as the character of the action is concerned. There the certificates of stock were not within the control of the court, but the property which they represented was in the possession of the New Jersey corporation over which the court had jurisdiction. Here the policy is in the state and within the control of the court which has jurisdiction over the insurance company. Here there is a res within the state upon which the decree may act, and, if the decree is for reformation of the policy, no personal action of the objecting defendant is necessary which would require a decree inpersonam. In the Amparo Case the court of errors and appeals affirmed the decision of Vice-Chancellor Stevenson, reported in74 N.J. Eq. 197, and at p. 203 of that report Vice-Chancellor Stevenson said:
"The origin of the jurisdiction of our courts in actions quasiin rem is to be found in the power of the sovereign state to exercise control over all objects to which that power can be directly applied. The state must control all property within its territorial limits. Parties interested in that property and residing within the state, or voluntarily coming into the state in order to have their rights in respect of the property in question enforced or protected, have a right to be heard in the courts of the state, and the utmost that can be demanded on the part of non-resident defendants is that they *Page 30 
shall be fairly notified of the action so as to have ample opportunity to appear and be heard therein. When these conditions exist the rights of all parties interested in the res are determined by due process of law."
I have examined every case cited in McBride v. Garland,supra, and also the cases cited in Corpus Juris and Ruling Case Law in support of the proposition that a suit to reform a written instrument is an action in personam, but they are all distinguishable from the instant case. Cross v. Armstrong was an interpleader suit which the court held was an action inpersonam. It was argued that the action was in rem because it concerned money which had been paid into court. The court said it was not the status of any particular money that was to be determined, for any money which was legal tender would have satisfied the claim.
Gary v. Northwestern Masonic Aid Association was an interpleader suit involving the assignment of a benefit certificate.
Coe v. Garvey also was an interpleader suit by Garvey against Coe and three others who were non-residents brought in by publication. The court held that the proceeding was not in rem
as the fund had not been paid into court. There was an offer of such payment but the court said the plaintiff was at liberty to withdraw the offer at any time before decree by dismissing the bill and that the court did not, therefore, have control of the fund.
Hinton v. Penn Mutual Life Insurance Co. involved the effect of a judgment of a Virginia court in a suit in the nature of an interpleader in which the rights of Hinton as assignee of a policy were involved. The issue concerned the ownership of the policy. Hinton resided in North Carolina and service was had by publication. The contest in the Virginia court was between the administrator of the insured and the assignee.
Reed v. Baker involved an assignment of a debt. The question arose on a creditor's bill to which the assignee was not a party. The court held the assignment void. Obviously that finding could not affect the rights of the assignee who was not a party to the proceeding. *Page 31 
 Hyams v. Old Dominion Co. involved an injunction matter which could not be finally disposed of without the presence of a New Jersey corporation. The court held that this corporation was a necessary party to the suit, and, as it had not been joined, dismissed the bill.
Ely v. Hartford Life Insurance Co. involved the effect of a judgment in an interpleader suit upon the rights of a non-resident defendant served by publication. There the plaintiff had joined with her husband in an assignment of a policy on his life in which she was named as beneficiary. After his death the assignee sued on the policy in Ohio and, the widow then being a resident of Kentucky, she was brought in by publication on cross-petition of the insurance company in the Ohio suit, but did not appear. Judgment was rendered in that action in favor of the assignee. Later the widow of the insured brought suit in Kentucky on the policy and the insurance company pleaded the judgment of the Ohio court and was sustained. The court held that the situs of the property being in Ohio and within the jurisdiction of the Ohio court the action was in rem and the judgment of such court was a final determination between the assignee, the plaintiff in that suit, and the insurance company as to the disposition of the proceeds of the policy. We need neither approve nor disapprove of this decision as our own decisions are controlling as to the character of this action.
These, with the exception of Hills v. Aetna Life InsuranceCo., are all the cases cited in Vice-Chancellor Lane's opinion which are pertinent to the question involved here. The main question involved in that case concerned an interest claim and otherwise the case merely stands for the proposition that an interpleader suit is an action in personam.
The cases cited in Corpus Juris are Bethell v. Bethell,92 Ind. 318; McBride v. Garland, supra; Rosenbaum v. Evans,63 Wn. 506; 115 Pac. Rep. 1054; Walters v. Mitchell,6 Cal. A. 410; 92 Pac. Rep. 315.
 Bethell v. Bethell held that a suit to reform a deed is inpersonam and may be brought where the person resides although the land lies in another state or country. To the *Page 32 
same effect is Rosenbaum v. Evans. There the decision was based upon the necessity for a decree against the person a party to the contract. But the rule is not universal (see 50 C.J.505, and other authorities cited, supra); and in Walters v.Mitchell, supra, the failure to proceed in an action to reform a deed as in an action in rem was held fatal to the validity of the relief granted.
The cases cited in R.C.L. are Pennoyer v. Neff,95 U.S. 714; 24 L.Ed. 565; New York Life Insurance Co. v. Dunlevy,241 U.S. 518; 60 L.Ed. 1140, and Abraham v. North German FireInsurance Co., supra.
 Pennoyer v. Neff is the leading case on the due process rule as applied to personal actions. Its citation by the author of the text assumes the nature of the actions referred to therein to be in personam. The decision has no application here.
New York Life Insurance Co. v. Dunlevy will be discussed later.
Abraham v. North German Fire Insurance Co. was a bill in equity in the United States circuit court for the northern district of Iowa, to reform a policy of fire insurance. The question as to the character of the action, whether in personam
or in rem, or quasi in rem, was apparently not involved and is not discussed by the court. Suit had there been brought on the policy in the state law court and removed to the federal court by the defendant because of the diverse citizenship of the parties. The defendant demurred to the plaintiff's declaration, whereupon that suit was stayed pending the institution of the action to reform the policy. In this latter suit service of subpoena was made upon the attorneys of the defendants in the law action and upon motion to set aside such service it was held good and the motion denied. The court said: "In fact, therefore, the bill is in aid of the action at law. It is between the parties to the law action, and is dependent on and auxiliary thereto in such sense that service upon the attorneys charged with the duty of defending the law action may be had, when such service cannot be made directly upon the party." Thus it is seen that the case has *Page 33 
no direct application to the issue here, but might chart a safe course if the action were in personam.
In 21 R.C.L. 1284 tit. "Process" ¶ 28, the text reads:
"Indeed, almost any kind of action may be instituted and maintained against non-residents to the extent of any interest in property they may have in the state, and the jurisdiction to hear and determine in this kind of cases may be obtained wholly and entirely by publication."
And see Arndt v. Griggs, 134 U.S. 316; 33 L.Ed. 918; Hart
v. Sansom, supra.
In Quarl v. Abbott, 102 Ind. 233; 1 N.E. Rep. 476, it was held that service by publication on two non-resident defendants in a suit to set aside a fraudulent transfer of stock in an Indiana corporation was good. There Lefever, one of these defendants, had endorsed two notes to Abbott and later fraudulently transferred the stock to Quarl. Service on Quarl and Lefever was had by publication. The suit was held to be an actionin rem and not in personam. The court said:
"Any question affecting the status of the specific property within the jurisdiction of the court and the rights of the parties in the property may be tried. The purpose of notice by publication is to give the best notice practicable to non-resident defendants, and thus enable the court to fully decide the controversy respecting property within its jurisdiction, no matter what form the question may assume * * * the creditor had a right to have this fraudulent assignee's colorabletitle overthrown." (Italics mine.)
That was an action grounded in fraud. Whatever property rights in the stock the defendant Quarl had was the result of fraud and relief from that fraud was granted. Here, whatever property rights the objecting defendant has in the policy of insurance is the result of mistake, assuming the allegations of the bill to be true, and the court is as competent to correct mistake as to relieve from fraud. Conceding the truth of the allegations of the bill, this defendant has no more substantial property right in the policy than Quarl had in the stock. The stock was proceeded against as *Page 34 
a res, and so the policy may be proceeded against here, the complainant having a right to have the objecting defendant's "colorable" interest determined.
In Schoenholz v. New York Life Insurance Co. (New YorkCourt of Appeals, 1922), 234 N.Y. 24; 136 N.E. Rep. 227, it was "assumed but not decided" that an action to cancel the designation of Schoenholz as beneficiary in a policy of insurance was in rem.
A case similar to that sub judice is Perry v. Young,133 Tenn. 522; 182 S.W. Rep. 577; L.R.A. 1917B, 385. There an insurance company had issued a policy to Perry, who had assigned it to his mother. After her death he brought suit to reform the assignment and made his niece, who was one of the distributees of his mother's estate, a party. She was a non-resident, was served by publication, and the insurance company demurred on the ground that this distributee was a necessary party over whom the court had not acquired jurisdiction. The supreme court of Tennessee overruled the demurrer, saying:
"No personal judgment is sought against Young and wife and none could be rendered against them on publication. The court, however, has before it the insurance company that issued the policy, the complainants Thomas and his two sisters, who represent three of the four distributees of the deceased assignee, and Mrs. Young, the fourth distributee. The court also has within its control the policy of insurance which is the legal evidence of the claim against the insurance company, and the assignment on the back of it, and has the res itself, the claim against the insurance company, through having the latter company before it. The policy is not actually exhibited with the bill, but it appears from the allegations of the latter that the property is in the possession of the complainant Thomas A. Perry, and he has submitted himself to the jurisdiction of the court, and it is within its power at any moment to order the actual filing of the policy in the cause.
"The court, thus having control of the res, can settle the status and rights of the parties with respect to the insurance *Page 35 
policy, although one of the persons interested therein, under the assignment as it now stands, is a non-resident and made a defendant only by publication."
The court cited the Amparo Case, quoting liberally from Vice-Chancellor Stevenson's opinion in support of its finding that the suit was quasi in rem.
The reasoning of the Tennessee court, it seems to me, is quite apropos here. The decision is criticized by the author of the note following the report of the case in L.R.A. 1917B, 393, and it is there claimed that the decision is, in effect, overruled byNew York Life Insurance Co. v. Dunlevy, supra; 60 L.Ed. 1140, but I am unable to agree with that assertion. The criticism is based upon the theory that substituted service can be had against a non-resident only where such a defendant has some property right in the res which can be attached, and that an adjudication that no such right exists ipso facto ousts the court of jurisdiction. It is said that such an adjudication is a determination that the only fact upon which jurisdiction could be based does not, in fact, exist. The author of the note correctly distinguishes cases where property of a non-resident is attached by a creditor for a debt, and those cases where the relation of debtor and creditor does not exist and the allegation is that the non-resident defendant has no property right in the subject of the suit; and says that jurisdiction in the latter class of cases can be sustained only on the theory that the proceeding is inrem, a judgment in which proceeding "would be conclusive upon the whole world." But he apparently overlooks the large class of actions known as "actions quasi in rem" in which the judgment is not "conclusive upon the whole world" but is "binding only upon the parties joined in the action and thus notified." 34C.J. 1175. Suits to reform a life insurance policy are included in this classification in 34 C.J. 1175 ¶ 1668. But the fallacy of the theory upon which the criticism is based is apparent when we consider this large class of cases and the rule that in bills to quiet title to lands service on non-resident claimants may be had by publication, and a judgment that such claimants have no title to the property involved is binding and effective. *Page 36 5 R.C.L. 644 tit. "Cloud on Title" ¶ 13. Jurisdiction in such cases is based upon the fact that the res has its situs
within the state (Amparo Mining Co. v. Fidelity Trust Co.,supra; Arndt v. Griggs, supra), and not upon the fact of title in that res in the non-resident defendant. In the DunlevyCase, no question of reformation of a policy or assignment thereof was involved, as in Perry v. Young. The question was whether or not such assignment had, in fact, been made. A creditor of Mrs. Dunlevy had there obtained a judgment against her in a Pennsylvania court after domiciliary service. Two years later execution was issued thereon and the policy which she claimed by assignment was garnished, both the insured and the insurance company being named as garnishees. Subsequently Mrs. Dunlevy brought suit in the California courts to recover on the policy. After the institution of the latter suit the insurance company filed a petition in the Pennsylvania court in the original action, praying for leave to interplead and to pay the money into court, which was done. Notice of the interpleader proceeding was apparently given to Mrs. Dunlevy by substituted service. The United States supreme court held that the subsequent interpleader proceedings resulting from the garnishment were not part and parcel of the original action, which had already terminated in judgment, and that the original service of process upon Mrs. Dunlevy in that action did not do away with the necessity for the usual process in the new proceeding; and that as she was a non-resident at the time the interpleader proceedings were instituted, the substituted service did not constitute due process; and that, therefore, the judgment in that proceeding was not binding upon her. I am unable to see how any other result could have been reached. There were two separate and distinct proceedings — one by a creditor who obtained the judgment; and the other, an interpleader suit to determine the respective rights of the claimant to the proceeds of the insurance policy. The issues in the one were entirely different from those in the other. Both were actions in personam.
Personal service of process was had in the first proceeding, but not in the *Page 37 
second. But so far as the question involved in the instant case is concerned, I do not consider that the Dunlevy Case militates in any degree against the reasoning or decision in the Tennessee case.
I consider the decisions of our courts in Wilson v. AmericanPalace Car Co.; Andrews v. The Quayaquil and Quito RailwayCo., and the Amparo Mining Company Case, supra, sufficient authority for holding that the present suit, at least so far as the objecting non-resident defendant is concerned, is a proceeding quasi in rem, and that McBride v. Garland,supra, is not opposed to this finding. Service upon this defendant by publication pursuant to our Chancery act is, therefore, due process, and the motion is denied.