Defendant George N. Collum, as temporary limited administrator of the estate of Ella M. Gindorff, deceased, has, by leave of court, specially appeared for the purpose of challenging this court's jurisdiction over him and towards that end now moves to set aside and quash the substituted service which the complainant has here attempted to effect upon him.
At the time of the filing of the bill of complaint the complainant resided in the State of Florida, the defendant-administrator in the State of New York, where each has respectively continued to reside ever since, while the other defendant, the mortgagor, then was, and still is, a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey. The object of the instant *Page 326 
action is to have a certain bond and mortgage in the sum of $8,500 adjudged and decreed to be the property of the complainant and not the defendant-administrator, into whose possession they came as a part of the assets and estate of the now deceased Ella M. Gindorff, the obligee and mortgagee, respectively, therein named.
The defendant-administrator in substance insists that there is no "res" within the jurisdiction of this court, that the action is not "in rem" but purely one "in personam," and that consequently jurisdiction cannot be acquired over him by mere publication or substituted service. While the principle of law thus asserted is in itself correct (Wilson v. American PalaceCar Co., 65 N.J. Eq. 557; 55 Atl. Rep. 997; McBride v. Garland,89 N.J. Eq. 314; 104 Atl. Rep. 435), nevertheless the premised facts whereon it is here sought to be invoked is not in accord with but contrary to the admitted facts in the case at bar.
The real and fundamental issue, the ultimate adjudication of which is sought in and by the here considered case, is the ownership of and title to a mortgage lien, of which the here questioned mortgage is merely evidential, upon a particular piece of real property. The property to be thus affected is located in the State of New Jersey, is within the jurisdiction and control of this court and actually constitutes the underlying and real"res" involved in the controversy pending between the parties to the present action. In these vital features and respects, at least, the instant case differs from the cases of Wilson v.American Palace Car Co. and McBride v. Garland, supra, in the latter of which cases the court held it was without jurisdiction over the non-resident defendant because there was no fund, no policy, no property and no "res" within the jurisdiction or control of the court, and in addition to which the defendant insurance company in that case was amenable to suit by the non-appearing non-resident defendant in every state wherein it was licensed to transact its business upon its very policy of insurance there involved.
As respects the hereinabove indicated features, wherein it differs from the Wilson v. American Palace Car Co. andMcBride v. Garland Cases, supra, the instant case is clearly *Page 327 
a proceeding "quasi in rem," at least in so far as the defendant-administrator is concerned. While it is brought against him personally, it nevertheless has as its main and primary object the settlement and determination of the title and ownership of the mortgage lien or interest, as evidenced by the mortgage itself, in the particular piece of realty located in, and owned by a corporation of, the State of New Jersey. In this view, it is a suit against him only in respect to and in so far as the title and ownership of the mortgage lien upon the property in question is concerned; and hence, as to him, must be deemed and held to be an action "quasi in rem."
This holding is in consonance with the well settled principles that actions to reform or correct deeds or mortgages may be inrem or quasi in rem as the particular facts and circumstances of the given case may require. Carson v. Shoemaker, 55 Minn. 386; 57 N.W. Rep. 134; Hart v. Sansom, 110 U.S. 151;3 S.Ct. 586; 28 L.Ed. 101; 23 R.C.L. 356. There is a strong analogy, in so far as the character of the action is concerned, between those cases and the one at bar, and more so between the latter and the cases of Andrews v. Guayaguil and Quito Railway Co., 69 N.J. Eq. 211; 60 Atl. Rep. 568; affirmed, 71 N.J. Eq. 768;71 Atl. Rep. 1133; Sohege v. Singer Manufacturing Co., 73 N.J. Eq. 567;68 Atl. Rep. 64; and Amparo Mining Co. v. Fidelity Trust Co.,74 N.J. Eq. 197; 71 Atl. Rep. 605; affirmed, 75 N.J. Eq. 555;73 Atl. Rep. 249.
Although the certificates of stock were not within its jurisdiction or control, the court, in Amparo Mining Co. v.Fidelity Trust Co., supra, nevertheless refused to set aside the service effected upon the non-resident defendant by publication, because the property which those certificates represented was in the possession of a New Jersey corporation over which it had jurisdiction. And similarly here, the lien or property interest which the here involved mortgage represents exists upon and in a particular piece of real property which is not only located in this state but is also owned by a New Jersey corporation, the defendant mortgagor herein. Consequently, this court in the instant case has unquestioned jurisdiction over the property itself, as well as over the owner *Page 328 
thereof; while no personal action on the part of the defendant-administrator is necessary which would necessitate the entry of any decree in personam against him.
As was aptly stated by the late Vice-Chancellor Stevenson inAmparo Mining Co. v. Fidelity Trust Co., supra, "The origin of the jurisdiction of our courts in actions quasi in rem is to be found in the power of the sovereign state to exercise control over all objects to which that power can be directly applied. The state must control all property within the territorial limits. Parties interested in that property and residing within the state, or volunarily coming into the state, in order to have their rights in respect of the property in question enforced or protected, have a right to be heard in the courts of the state, and the utmost that can be demanded on the part of non-resident defendants is that they shall be fairly notified of the action so as to have an ample opportunity to appear and be heard therein. When these conditions exist the rights of all parties interested in the res are terminated by due process of law."
Nor must sight be here lost of the fact that no action can be brought or maintained for recovery upon the defendant-mortgagor's bond, unless and until the herein involved mortgage which accompanies it has been first foreclosed and the mortgaged premises sold for an amount insufficient to satisfy the debt, interest and costs. R.S. 1937, 2:65-2. The foreclosure of this mortgage, which is an indispensable prerequisite to the recovery of any deficiency upon its accompanying bond, must and only can be had and effected in the courts of this state wherein the mortgaged premises are located. Moreover, the defendant-mortgagor is and would be a necessary party to any action, the object of which was, to reform or correct the said bond or mortgage or to determine the title thereto or ownership thereof.
The foregoing considerations lead to the conclusion that the motion to quash and set aside the service should be denied, and such will be the order of this court. *Page 329