The complaint in this matter alleges that plaintiff owned nine bales of raw Australian rabbit skins which were stored in the refrigerated warehouse of the defendant, Merchants Refrigerating Co., in Jersey City, New Jersey. That on September 28, 1948, plaintiff met with the officers of the defendant, *Page 317 
Yudkin-Krell, Inc., a foreign corporation, at the warehouse in Jersey City and there concluded negotiations for the sale of the rabbit skins to the defendant, Yudkin-Krell, Inc. The sale price was $6916.80. Plaintiff demanded payment in cash but was induced, it is alleged, to accept four promissory notes payable in January and February, 1949, upon the representation that defendant, Yudkin-Krell, Inc. was solvent and possessed ability to pay. Plaintiff gave to the defendant-purchaser a delivery order authorizing the warehouse company to deliver the bales of rabbit skins to the purchaser. The rabbit skins remained in the warehouse and were there when the complaint was filed.
On November 9, 1948, the complaint alleges, defendant, Yudkin-Krell, Inc., executed an assignment to the defendant, Bernard Adnepos, for the benefit of its creditors. This was done in accordance with the laws of the State of New York. Plaintiff upon learning of the assignment rescinded the sale, tendered return of the notes and made claim to ownership of the rabbit skins.
The complaint contains three counts, one of which is grounded in equitable fraud, one in legal fraud and the third seeks a vendor's lien.
Plaintiff seeks injunction to prevent the removal or other disposition of the skins pending final hearing.
Upon the filing of the complaint an order containing temporary restraint issued directing the defendants to show cause why the relief sought should not be granted.
The order was served pursuant to Rule 3:4-5 upon the defendants Yudkin-Krell, Inc. and Bernard Adnepos in New York and the matter is now before the court on motion of these defendants to set aside such service upon the grounds: (1) that the action is one in personam and that therefore the service of process outside of the State is void, and (2) that the plaintiff never had a vendor's lien and that if he had such a lien it was waived. The pertinent rule of civil practice 3:4-5 provides:
"Whenever in an action affecting specific property, or any interest therein, or any res within the jurisdiction of the court, it shall appear by affidavit of the attorney for the plaintiff or of any person *Page 318 
having knowledge of the facts, that a defendant cannot, after diligent inquiry, be served within the state, service may be made upon him
"(a) in a state of the United States or the District of Columbia in the same manner as if service were made within the state, except that service shall be made by a sheriff, constable, bailiff, or other officer having like authority in the jurisdiction wherein the service is made or by a person duly qualified to practice law in this state or the jurisdiction wherein service is made or by a person specially appointed by the court for that purpose."
On this motion we are not concerned with the second ground. The lone question to be determined is whether this proceeding is an action in personam or an action in rem or quasi in rem. If it is an action in personam the service of the order to show cause is void and should be set aside; if either an action inrem or quasi in rem such service is valid.
An action quasi in rem is a proceeding against the defendant personally although the real object is to deal with particular property. It depends upon whether there is a res in this State upon which the judgment can operate, without any personal action required of the defendant. Amparo Mining Co. v. Fidelity TrustCo., 74 N.J. Eq. 197, affirmed 75 N.J. Eq. 555; Cameron v.Penn Mutual Life Ins Co., 111 N.J. Eq. 24.
Amparo Mining Co. v. Fidelity Trust Co., supra, concerned title to shares of stock of a New Jersey Corporation. The defendant was a foreign corporation and was brought into court by substituted service. Objection was made to such service. It was there held that the action was one quasi in rem and the essential elements of such an action were there set forth as follows:
"1. A res located within the territorial limits of the state in such a way that the state can, if it see fit to do so, exercise absolute power to control and dispose of it.
"2. A course of judicial procedure, the object and result of which are to subject the res to the power of the state, directly by the judgment or decree which is entered as distinguished from a course of procedure which only affects or disposes of the res by compelling a party to the action to control or dispose of the res in accordance with the mandate of the judgment or decree.
"3. A course of judicial procedure on its face directed specifically toward the res so as to disclose this res to the defendant when reasonably notified of the action. * * *" *Page 319 
This is an action quasi in rem. Here there is a res within the State upon which the judgment may operate. While it is true that the action is for rescission, yet the practical effect of the judgment (providing the plaintiff is ultimately successful), will be to place the parties in status quo ante. In such event possession of the res may be awarded plaintiff by the terms of the judgment making unnecessary any personal action on the part of the objecting defendants which would require a judgment inpersonam.
Motion denied.