Jan. 1832.

Buckley
v.
Corse.

## JOHN BUCKLEY v. ISRAEL CORSE.

The distinction in the English books, between a common injunction which issues on some default of the defendant, and special injunctions granted on special application to the court, is of no importance. All injunctions here are granted on the merits and on special application to the court, and generally *ex parte*, on filing the bill.

Whether notice shall be given depends on no settled rule of practice, but on the nature of the case. If it be one of great difficulty or importance, the court will generally require notice to be given.

After filing the bill, and appearance, application for injunction may be made without notice, and if it be a case that requires it, notice will be ordered.

Where application for injunction is made after answer filed, notice is necessary according to the thirtieth rule of practice; but even then it may be dispensed with.

An injunction allowed by a master on application after answer, and without notice, is irregular, unless the notice was dispensed with by the master; which, if it be a proper case, may be presumed to have been done.

If there was no dispensation, the court would not set aside the injunction simply for that reason, if it appeared to be a case in which the rule might properly have been dispensed with; but would retain it, and order the complainant to pay the cost of the application.

The general principle is, that a party is bound to state all his case in his first bill. But if the complainant, after filing his bill, discover that he has omitted to state any matter, or to join any person as party to the suit, he may supply the defect by amendment.

If the defendant has answered, and the complainant thereby obtains farther knowledge of facts or circumstances which may aid him in the case, he may amend his bill, and proceed according to the information thus obtained.

In general, any imperfection in the form of a bill may be remedied by amendment, as occasion may require, if application for that purpose is made in time.

Before replication, the order to amend is granted of course.

After an injunction dissolved on the merits, the party may amend and obtain an injunction on the amended bill.

First amendments are frequently allowed on coming in of the answer, without special affidavits, on reasonable terms.

Injunction bills have been amended without prejudice to the injunction, and even amended a second time; but the application for such second amendment must disclose its nature, and be founded on affidavit that the complainant had not a knowledge of the facts so as to enable him to bring that case on the record sooner.

The complainant's bill stated, that he had purchased at sheriff's sale, property on which the defendant had a mortgage, which the complainant supposed to

be prior to the judgment under which he purchased. That the defendant filed a bill on this mortgage, obtained a decree, and the property was about to be sold, when the complainant gave to the defendant an absolute deed, upon an understanding, that he should be at liberty to redeem on paying the amount due on the mortgage. That after he had paid divers sums thereon, he discovered that the judgment under which he purchased was older than the defendant's mortgage. The bill prayed that the deed made to the defendant might be set aside, and he compelled to account and to refund the money paid by complainant under misapprehension of his rights; and for an injunction to stay proceedings on an ejectment to recover possession of the premises. On filing the answer, which denied the priority of the judgment, and showed that it was subsequent to the defendant's mortgage, the injunction was dissolved. The complainant, with leave, then amended his bill, admitted his mistake in the date of his judgment, and that it was subsequent to the defendant's mortgage, and prayed that the deed made by him to the defendant might be declared a mortgage, and he permitted to redeem on paying the balance due, and for an injunction to prevent his being turned out of possession; which was allowed by the master on the complainant's depositing the balance due on the mortgage with the clerk of the court. On a motion to dissolve this second injunction, on the ground that it was irregular, being a special injunction granted after appearance and without notice; and because the amendment was not warranted, a new case being made by the amended bill, the merits of which were not disclosed by the original bill. The application was overruled, and the injunction retained; but the complainant was ordered to pay the costs up to the time of filing the amended bill, and the cost of the application to dissolve.

THE original bill in this cause, was filed in April, 1831. The complainant stated that he was a purchaser at sheriff's sale, of certain property, on which the defendant had a mortgage for one thousand dollars. This mortgage he supposed to be prior to the judgment under which he purchased, and accordingly made some arrangements with the defendant for discharging it. That some time after, Corse, the present defendant, filed a bill against the heirs of Amos Buckley, the mortgagor, (of whom complainant was one,) the heirs of Charles Coxe, deceased, and others, to foreclose the equity of redemption and for a sale of the mortgaged premises; and the complainant, having understood that the mortgage, so far as it affected the property he had purchased, was given as a collateral security only, and believing he could not be affected by the suit, as he supposed the real controversy was between said Israel Corse and the heirs of Coxe, as mort-

64

Jan. 1832.

Buckley
v.
Corse.

gagees, did not appear to the suit nor make any defence.   A decree was obtained, and he was ignorant that his property was to be affected by the decree, until he saw it advertised by the sheriff. Supposing then that the property was liable, and the sheriff being about to sell it, the complainant agreed to make a deed in fee to the defendant, on condition that he might redeem in a certain mode and time then agreed on.   The bill then charges that the complainant made several payments under this arrangement, and that Corse afterwards brought an ejectment against him, upon which a judgment was entered in 1827, and an execution issued for the costs, which were paid.   That the complainant has lately discovered that he has totally misapprehended his rights; that his title under the sheriff's deed is prior and paramount to the defendant's mortgage, and insists that he is entitled to hold the property discharged of any claim of the defendant; that the defendant is nevertheless about to take out and execute a writ of *habere facias possessionem* on the judgment in ejectment, and threatens to turn the complainant out of doors.   The bill prays that the defendant may be compelled to come to an account for the monies paid by the complainant under a misapprehension of his rights, and improperly received by the defendant, and that he may be restrained from taking possession of the premises under the suit.   The injunction was allowed.

The defendant, in his answer, denied the fact alleged by the complainant, that his purchase at the sheriff's sale was under a judgment prior to the recording of the mortgage of the defendant, and showed satisfactorily that the mortgage was recorded ten months before the rendition of the judgment.   The whole equity of the case resting on this point, the injunction was, of course, dissolved.

After the dissolution, the complainant applied for leave to amend his bill, so as to make it a bill to redeem.   Leave was granted, on the representation that the amendment was assented to by the counsel of the defendant.   The complainant then filed an amended bill, in which he admitted the priority of the mortgage for one thousand dollars on the premises, and insisted that the deed given in satisfaction of it was in the nature of a mortgage, having attached to it a right of redemption; that there

was but a small amount due, which he was willing to pay.   He
prayed permission to redeem, and that he might have an injunc-
tion to restrain the defendant from taking possession, &c.   The
injunction was allowed by the chief justice, acting as injunction
master, in the absence of the chancellor, on the complainant's
depositing with the clerk of the court three hundred and four dol-
lars and twenty-one cents, being the sum computed to be due.

*I. H. Williamson*, for the defendant, moved to dissolve the
last injunction,

*N. Saxton*, for complainant, opposed the motion.

The Chancellor.   It is now moved to dissolve the injunc-
tion on two grounds :—

1. Because allowed without notice, and therefore irregular ; it
being a special injunction, which cannot be granted on an ex-
parte application, after appearance.

Such is, no doubt, the English rule : *Marasco* v. *Boiton*, 2
*Ves.* 112 ; *Wyatt Prac. Reg.* 238 ; 1 *Newl.* 219.   According
to the English practice, injunctions are applied for, sometimes
before answer, and sometimes after, upon the merits disclosed.
If great injury would likely ensue by waiting till an answer is
put in, the injunction will be granted before answer.   In like
cases, the court will in some instances grant an injunction upon
an *exparte* application, even after appearance : *Harrison et al.*
v. *Cockrell et al.*, 3 *Mer.* 1 ; 1 *Newl.* 219.   In the English
books, a distinction is made between common and special injunc-
tions.   When an injunction issues for a default of the defendant,
either in appearing or answering, it is called a common injunc-
tion.   Special injunctions are such as are granted only upon spe-
cial application to the court.   According to our practice this dis-
tinction is not of much importance.   All injunctions here are
granted upon special application ; and these applications are
generally made *exparte* on filing the bill.   Whether notice shall
be given depends upon no settled rule of practice, but on the
nature of the case.   If it be one of difficulty and importance, the
court will generally require notice to be given.

I do not consider it necessary, in cases where an injunction is applied for after filing the bill, and after the defendant has appeared, that notice of the application should be given, merely because there has been an appearance. The application may be made without notice, and, if it be a case that requires it, notice will be ordered. Where the application is made after answer filed, notice is necessary, according to the thirtieth rule of practice, but even then it may be dispensed with by the chancellor. If this is to be considered as an application after answer, the injunction being without notice, is irregular, unless the notice was dispensed with by the master, and the presumption is that this was done. If there was no dispensation, the court would not set aside the injunction simply for that reason, if it appeared to be a case in which the rule might properly have been dispensed with, but would retain it, and order the complainant to pay the costs of the application.

The difficulty in this case arises from the fact, that this is an amended bill; that the injunction issued on filing the original bill has been dissolved upon the merits on the coming in of the answer, and that now after amending the bill, a second injunction has been granted without notice. We have no rule of practice extending to such a case. The English practice requires a notice : *Edwards* v. *Edwards*, 2 *Dick*. 755. Some of the later authorities maintain that in addition to the notice, the defendant must be in default for not answering, before the injunction will be awarded : *James* v. *Downes*, 18 *Ves*. 522. From the whole taken together, it is plain that when a bill has been amended after injunction dissolved, a party cannot take the ordinary injunction *nisi*. There must be an application upon the merits; and in such cases notice is required. According to our practice all injunctions are granted upon application, and are upon the merits, and may be considered as special injunctions in one sense of the term ; but it does not follow that notice is to be given in all cases. Our rules require it in one case only, and even then it may be dispensed with, as has already been mentioned. From this circumstance, and from analogy to our practice, I am of opinion that notice was not indispensable to the application, and that it

rested with the master to determine whether it should be given or not.

2. The second reason assigned is, that the amendment was unwarranted by the practice of the court, inasmuch as the merits of the case must be disclosed in the original bill; that here the injunction is upon a new case made in the amended bill.

The general principle is, that a party is bound to state all his case in his first bill; but the practice of the court is very liberal as to amendments. If the plaintiff, after filing his bill, dicovers that he has omitted to state any matter, or to join any person as party to the suit, he may supply the defect by amendment. Or, if the defendant has answered, and the plaintiff thereby obtains further knowledge of facts or circumstances which may aid him in the cause, he may amend his bill and proceed according to the information thus obtained; and in general, any imperfection in the frame of a bill may be remedied as occasion shall require, provided the application for that purpose be made in proper time: *Coop. Eq. Pl.* 333. Before replication, the order to amend is granted of course: 1 *Newl.* 192. Injunction bills have frequently been amended without prejudice to the injunction, and even amended a second time; but the application for such second amendment must disclose its nature with precision, and must be founded on affidavit that complainant had not a knowledge of the facts, so as to enable him to bring that case upon the record sooner: *Sharp* v. *Ashton*, 3 *Ves. and B.* 144. I am not aware that such strictness of practice has obtained upon first amendments. They are frequently allowed on the coming in of the answer, without special affidavits, upon such terms as are reasonable. My opinion is, there is nothing objectionable as to the time of the amendment, and that an affidavit disclosing the facts was not necessary.

I have had doubt as to the extent of the amendment. The bill has been redrawn, and changed to a bill to redeem. There is not merely a variation of the prayer for relief, for then the amendment might be made after publication: 5 *Ves.* 485. The facts are so stated in this last bill, as to be altogether incompatible with the prayer of the first. There are no new facts that are very material, but the equity rests on different grounds.

Jan. 1832.

Buckley
v.
Corse.

The gravaven of the bill as first presented was, that the complainant had an absolute title to the property, older than the defendant's mortgage ; that being ignorant of that fact, and supposing the mortgage to be prior, he agreed to pay it, and gave to the defendant a deed for the premises, subject to a right of redemption, and thereupon paid large sums of money ; and that he had lately become acquainted with the fact that his title was anterior to the defendant's.   Upon this state of the case, he prayed that the defendant might account to him for the money he had wrongfully received, and which had been paid to him through misapprehension.   In the amended bill, he admits his mistake in supposing his title older than the defendant's, but insists upon the other facts stated, that the deed given to the defendant was in equity a mortgage, and subject to redemption, and that he had paid large sums of money in part discharge of the debt.   The prayer is for leave to redeem.

It is very clear, that after an injunction dissolved on the merits, the party may amend and obtain an injunction on the amended bill.   The amendment may be founded on facts disclosed in the answer.   There must always be new facts and charges in the amended bill, and these must be material, or a new injunction would not be ordered.   New relief may be prayed and new parties added, and the bill must be framed so as to meet the exigency of the case.   One fact often changes the whole equity of the complainant's case, and calls for different relief.   The cases on the subject of amendment are without number, and it is difficult to draw from them any broad principle, or draw a line beyond which the complainant may not pass in changing his case. Modern authorities have gone very far.   Thus in *Mavor* v. *Doy*, 2 *Sim. and Stu.* 113, the plaintiff by his original bill sought to set aside a deed.   After answer filed, he amended his bill, under the usual order, and presenting a different state of facts, sought to establish the deed, and it was allowed.

I feel no disposition to aid the complainant further than justice requires.   His first bill was certainly drawn in haste, and without a proper knowledge of facts with which he could easily have made himself acquainted ; but it would savor of harshness to see him turned out of possession without the privilege of being

heard. I incline upon the whole to overrule the present applica-
tion and permit the injunction to remain; but the complainant
must pay the costs of the original bill and all the proceedings
up to the filing of the amended bill, and also the costs of this
motion.