## HARING vs. KAUFFMAN and others.

To effect a regular service of an injunction, the writ itself, under the seal of the court, must be shown to the party against whom it issues, and a true copy thereof delivered to him.

Personal service will be dispensed with where the party is out of the state or cannot be found.

The modern practice is for the court, by special order, to dispense with personal service where the defendant avoids the service of the writ, or other circumstances render such order necessary or proper.

The court will punish the violation of its order for the injunction though the writ be not served, if it appear that the defendant knew of its existence.

Where the defendant and his wife were nonresidents, and the injunction was served out of the state on the husband, and proof was made that the wife could not be found, an order was made that such service should be deemed valid, and directing a copy of such order to be served at the dwelling house of the defendants.

*Lyons*, for complainant.

THE CHANCELLOR. The bill seeks, among other things, to set aside, as fraudulent, certain conveyances made by John F. Kauffman, the defendant, to Christian Vogel, bearing date on the 27th of November, 1860, a reconveyance of the same premises, by deed of even date, from Vogel and wife to Eve, the wife of Kauffman, and a mortgage of the same premises from Kauffman and wife to Rose, the wife of Vogel, for $2000, dated on the 16th of April, 1861. An injunction issued to restrain Kauffman and wife from conveying or encumbering the premises, and also to restrain Vogel and wife from transferring the mortgage or collecting the mortgage debt. Kauffman resides in this state; Vogel resides in the city of New York. The subpœna was served personally on the wife of Kauffman, and on Kauffman himself, by leaving a copy at his dwelling house. The injunction was served personally on the wife of Kauffman, in this state, and a copy left with her at the place of abode of her husband. The injunction was served upon Vogel, by showing him

the original, and leaving a copy with him at his place of abode in the city of New York. The affidavits show that neither Kauffman himself nor the wife of Vogel could be found after diligent search and inquiry. The complainant now moves that the service of the injunction, thus made as aforesaid, be deemed and taken to be a valid and sufficient service thereof upon all the said defendants.

To effect a regular service of an injunction, the writ itself, under the seal of the court, must be shown to the party against whom it issues, and a true copy thereof delivered to him. *Wyatt's Prac. Reg.* 232; 1 *Newland's Ch. Pr.* 231; 3 *Daniels' Ch. Pr.* 1818; 1 *Eden on Injunc.* (by *Waterman*) 93; 1 *Barbour's Ch. Pr.* 590.

Personal service will be dispensed with where the party is out of the state or cannot be found.

It would seem, from some of the earlier cases, that leaving the injunction at the dwelling of the defendant was a sufficient service, without a special order of the court to warrant or confirm it. Thus, in the 19th and 22d years of Elizabeth, an attachment was ordered, upon proof that the writ of injunction was left at the house of the defendant, and that he had disobeyed it. *Holgate and Wife* v. *Grantham, Cary* 58; *Bodnam* v. *Morgan, Cary* 101.

The modern practice is for the court, by special order, to dispense with personal service where the defendant avoids the service of the writ, or other circumstances render such order necessary or proper. *Wyatt's Prac. Reg.* 232; *Eden on Injunc.* (by *Waterman*) 76.

In *Pearce* v. *Crutchfield*, 14 *Vesey* 206, it was ordered that service of the injunction at the house which appeared to be the last place of abode of the defendant, though afterwards apparently shut up, should be good service.

The propriety of the order asked for, as regards the service of the writ upon Kauffman, is clear. He is within the state, has been legally served with process of subpœna, and a copy of the injunction has been left at his dwelling

house. The affidavits, moreover, warrant the belief that he is endeavoring to avoid the service of the injunction.

There is more room for question as to the propriety of the order in regard to the service of the writ on Vogel and wife. It is true that the writ was served personally upon Vogel, and a copy left with him at his dwelling house, the wife not being found, and the affidavits warranting the belief that she, also, is endeavoring to avoid the service of the injunction. The mode of service is substantially the same in both cases; but the material difference lies in the fact, that the service upon Vogel and wife was made out of the state, the defendant not having been previously brought within the jurisdiction of the court by the service of a subpœna. The mode prescribed by the statute for effecting the appearance of the defendant has, however, been adopted, and is in the process of completion. I incline to think that no principle or rule of practice will be violated by maintaining the legality of the service. The ends of justice manifestly require it. All that is required to enable the court to enforce obedience to its process, is that the defendant should have knowledge of the order for the injunction. The court may punish the violation of the order, though the injunction be not served, if it appear that the defendant knew of its existence. *Kimpton* v. *Eve,* 2 *Ves. & B.* 349; *Hearne* v. *Tenant,* 14 *Ves.* 136; *Skip* v. *Harwood,* 3 *Atk.* 564; *James* v. *Downes,* 18 *Ves.* 522; 1 *Eden on Injunc.* 94; *Drewry* 399; *McNeil* v. *Garrett,* 1 *Craig & Ph.* 98; *Hull* v. *Thomas,* 3 *Edw's Ch. Rep.* 236.

If the injunction was properly granted, the service, though out of the state, answers all the ends for which it was intended. It apprizes the party of the order of the court.

The motion will be granted, and the service of the injunction upon all the defendants declared valid.

It is proper that a copy of this order should be served upon the parties, either personally or by leaving a copy

at the dwelling house of each of them within twenty days from the date of the order.

Order accordingly.