Chester *v.* Halliard.

CHESTER et al., complainants and appellants,

*v.*

JOHN HALLIARD et al., respondents.

1. Several depositors in a savings bank cannot join in a bill against the directors, on the ground that they were severally induced by the false publications of such directors to put their money in such institution, the same proving to be insolvent, such cause of complaint not being joint.

2. Nor can such depositors proceed in their own right, without making the corporation a party, to call the directors to account for the loss of the capital of the bank by the neglects and misconduct of such officers, such bank being the person primarily injured by such cause.

On appeal from a decree of the chancellor, whose opinion is reported in *Chester* v. *Halliard, 7 Stew. Eq. 341.*

*Mr. John Linn,* for appellants.

*Mr. C. L. Corbin,* for respondents.

The opinion of the court was delivered by

BEASLEY, C. J.

The complainants are twenty-four of the depositors of the Mechanics and Laborers Savings Bank of Jersey City, and they have filed their bill against certain of the managers of that institution, in behalf of themselves and of such other depositors as may choose to join themselves to the litigation. The end sought in the proceeding is to compel the defendants to make good the loss which they allege they have sustained by reason of having entrusted their money to the bank in question. This bill has been demurred to, and the issue thus raised having been found by the chancellor in favor of the defendants, is presented by this appeal to this court for its decision.

The complainants lay in their bill two entirely distinct grounds of complaint against the defendants. The first of these is that the defendants, in order to induce the complainants to believe " that said savings bank was a perfectly safe institution in which to deposit their savings, and that all moneys deposited with said bank were invested securely and employed to the best advantage for the interest of the depositors, gave out and published in the newspapers circulating in Jersey City and elsewhere, that the said bank was enabled from its net earnings and profits from time to time to declare annual dividends in favor of each depositor of six per cent. upon the amount of such deposits." It is then averred in the bill that this published statement was false, to the knowledge of the defendants.

The bill in this aspect is very plainly multifarious, on the ground of the misjoinder of these complainants. Looking upon these statements as true, the defendants have practiced a several deceit on the parties thus complaining. The injurious act of the defendants was joint, but it operated on each of the complainants

Chester *v.* Halliard.

as an individual, standing alone and out of all connection with his fellows. Each depositor was separately deceived. As actors in the suit, each would be obliged to prove a distinct wrong done to himself; some, by the proofs, might sustain their case, while at the same time others might fail to do so. As these parties, therefore, have no common interest, they cannot, according to rudimentary principles, be joined as parties to the proceeding. Any of the text-books will furnish the ordinary rule forbidding such a misjoinder, and the decision in *Jones* v. *Garcia Del Rio, 1 T. & R. 297*, is directly in point. In that case some of the holders of scrip or shares of a loan which was to be secured by bonds of the Peruvian government, filed a bill in behalf of themselves and others against the defendants as the agents of such government on the ground of the alleged misrepresenta- tions and fraud of such agents in obtaining such subscriptions. The prayer of the bill was to have the moneys thus paid re- turned. But Lord Eldon, on a motion to dissolve an injunction which had issued on an *ex parte* application, declared "that the plaintiffs, if they had any demand at all, had each a demand at law, and each a several demand in equity; that they could not file a bill on behalf of themselves and the other holders of scrip, and as they were unable to do that, they could not, having three distinct demands, file one bill."

If the defendants have severally, as they say, been induced, by the fraudulent statements and practices of the defendants, to part with their money and put it in the keeping of an insolvent institution, it may well be that they each have a solid ground for an action at law or a bill in equity against such wrongdoers, but they cannot pursue a joint mode of redress for such separate injuries. With respect to this head the bill was rightly de- murred to.

The second ground of complaint stated in the bill is deficient not in form, but in substance. It consists in statements showing that the defendants, as directors of the funds of the bank so mis- managed its affairs that it became insolvent. The bank itself is not a party to the suit, and the consequence is the complainants have no standing in court on this part of their case. If the capital and

assets of the corporation have been squandered and lost by the misconduct of its officers, it is the corporate body itself that primarily has been wronged, and reparation is due immediately to it and not to the depositors. The depositors are but creditors of the corporation, and the moneys in question are not their moneys. It is true that as the directors are alleged to be the delinquent parties who are sought to be charged with the liability to make good the losses in question, these depositors have a footing in court to such redress in this matter, but in such proceeding the corporation, or in case of its insolvency, its receiver, must be a party, for it is in right of such corporate body that such a course of law is alone to be vindicated. But I shall not further discuss this subject, for the decisions are uniformly opposed to the legal power of a member of the corporate body to bring a suit in his own right and in disconnection with the company, for losses occasioned to the corporation by the misconduct of its officers, and the topic has so recently undergone examination by the supreme court in the case of *Conley* v. *Halsey, 15 Vr. 111,* decided at the last term of that court. This suit cannot be sustained against these defendants on this second ground, the same being thus essentially defective.

It is also to be remarked that even if this latter cause of complaint were complete and in itself made an equitable claim against these defendants, thereby the bill would have been rendered multifarious by reason of its resting on two entirely distinct matters of complaint. The alleged cheat of the defendants in inducing the complainants to put their money in an insolvent bank has no connection with the question whether the defendants by their misdoing occasioned such insolvency.

In any view that can be taken of the bill it is clearly multifarious, and consequently the decree must be affirmed.

*Decree unanimously affirmed.*