STEPHEN W. NEWBURY v. EDWARD R. LUKE.

Submitted March 20, 1902—Decided June 9, 1902.

68   189|
66E 399|

1. In an action to recover damages for the overdriving of a horse, the fact that the defendant hired the horse from the plaintiff upon a Sunday, for purposes of Sunday driving, and was driving it on that day in violation of section 1 of "An act for suppressing vice and immorality" (*Gen. Stat., p.* 3707), constitutes no defence.
2. In such a case the overdriving, and not the Sunday violation, is the proximate cause of the injury, and the maxim, *in pari delicto,* &c., has no applicancy.

---

On *certiorari* to Monmouth Common Pleas.

Before Justices FORT, HENDRICKSON and PITNEY.

For the plaintiff, *John F. Hawkins.*

For the defendant, *William C. Byram.*

The opinion of the court was delivered by

PITNEY, J.   In the Court of Common Pleas, on appeal from the Small Cause Court, the plaintiff recovered judgment

against the defendant for damages for overdriving and otherwise abusing plaintiff's horse, by reason whereof the horse died. The defendant insists that the judgment is legally without support, because the horse was let by plaintiff to defendant for hire upon a Sunday, for purposes of Sunday driving, and the overdriving and abuse of the horse occurred on that day. The first section of "An act for suppressing vice and immorality" (*Gen. Stat., p.* 3707), commonly called the "Sunday law," is invoked. The question of the general effect of that section was raised in this court in *Smith* v. *New York, Susquehanna and Western Railroad Co.,* 17 *Vroom* 7, but was not passed upon, because the proviso making it lawful for any railroad company to run one passenger train each way on Sunday was sufficient for the decision of the case. In *Delaware, Lackawanna and Western Railroad Co.* v. *Trautwein,* 23 *Id.* 169, it was held by the Court of Errors and Appeals that the fact that the railroad company was running the train in question in violation of the statute, and that the plaintiff was also traveling in violation of the statute, did not debar the plaintiff of her right to recover from the company for injuries received through a breach of the defendant's duty as carrier. As this duty is independent of contract, being imposed by law from considerations of public policy, and arising from the fact that persons or property are received in the course of the business of the common carrier—such was the reasoning of Mr. Justice Depue in the Trautwein case—the plaintiff had no need to invoke the Sunday contract in order to support her action. At the same time the effect of the statute in question in invalidating contracts made in violation of its provisions was fully recognized.

That Sunday contracts are absolutely void has been repeatedly adjudged by this court and by the Court of Chancery. *Reeves* v. *Butcher,* 2 *Vroom* 224; *Steffens* v. *Earl,* 11 *Id.* 128, 137; *Cannon* v. *Ryan,* 20 *Id.* 314; *Ryno* v. *Darby,* 5 *C. E. Gr.* 231; *Nibert* v. *Baghurst,* 2 *Dick. Ch. Rep.* 201, 208; *Gennert* v. *Wuestner,* 8 *Id.* 302; *Rush* v. *Rush,* 18 *Atl. Rep.* 221.

In the present case the defendant argues that the plaintiff's right of action rests upon a contract of bailment made on Sunday, and as that contract is void the action must fail. The fallacy is exposed by reference to the fundamental maxim —*causa proxima, non remota, spectatur*. The Sunday hiring and the Sunday driving happened to furnish the conditions under which the death of the horse was occasioned. But its death was the direct and natural result of the overdriving and abuse, and of these alone. These causes would have produced the same result if they had occurred on any other day of the week, just as they would have produced it had they occurred without any contract of bailment whatsoever. It follows that the Sunday violation is as clearly non-essential upon the question of defendant's liability as are such questions as the exact location of the occurrence, the time of day, the color of the horse and the like.

But if an inquiry into the contract of bailment were material, what is the result? The contract falls, because made on Sunday. That destroys the defendant's right to drive the horse, but it certainly does not confer the right to overdrive it. It vitiates the temporary right of use, but it does not pass the permanent right of property. In short, it leaves the defendant's liability upon the same basis as if the horse had been taken without the leave or license of the plaintiff.

Unless, therefore, the plaintiff is debarred by the application of the maxim, *in pari delicto potior est conditio defendentis,* the plaintiff must prevail. But as the plaintiff can make out his case without reference to the illegal contract, it seems clear that this maxim has no applicancy. *Broom Max.* *567.

The penalty imposed by the first section of the statute in question is the forfeiture of one dollar for each offence for the use of the poor. It has by construction been extended so as to invalidate executory agreements made in violation of its provisions. But this falls far short of a forfeiture of goods loaned or hired on Sunday. Such a virtual outlawry of the Sabbath-breaker is not within the letter or spirit of the act, is contrary to sound reason and opposed by the great weight

of authority. *Philadelphia, W. & B. Railroad Co.* v. *Steamboat Co.,* 23 *How.* 209; *Bucher* v. *Cheshire Railroad Co.,* 125 *U. S.* 555; *Merritt* v. *Earle,* 29 *N. Y.* 115; *Carroll* v. *Railroad Co.,* 58 *Id.* 126; *Platz* v. *City of Cohoes,* 89 *Id.* 219; *Louisville, &c., Railway Co.* v. *Frawley,* 110 *Ind.* 18; 9 *N. E. Rep.* 594, 600; *Mohney* v. *Cook,* 26 *Pa. St.,* 342; *White* v. *Lang,* 128 *Mass* 598; *Sutton* v. *Town of Wauwatosa,* 29 *Wis.* 21; *Gross* v. *Miller,* 93 *Ia.* 72; 61 *N. W. Rep.* 385; 26 *L. R. A.* 605; *Taylor* v. *Star Coal Co.,* 81 *N. W. Rep.* 249; *City of Kansas City* v. *Orr,* 61 *Pac. Rep.* 397.

Other authorities will be found cited in *Cooley Torts* 152, 158; 1 *Thomp. Negl.* (2d ed.), §§ 102, 104; *Shearm. & R. Negl.* (5th ed.), § 104.

The judgment of the Court of Common Pleas will be affirmed, with costs.