FREDDA B. HARTMAN, complainant-respondent,

*v.*

The heirs, &c., of Ella M. Gindorff et al., defendants, and GEORGE B. COLLUM, as temporary limited administrator of the estate of Ella M. Gindorff, deceased, defendant-appellant.

[Submitted October term, 1939. Decided January 25th, 1940.]

*Messrs. Lindabury, Depue & Faulks (Mr. R. Paul Mitchell)*, for the defendant-appellant.

*Messrs. Melosh, Morten & Melosh (Mr. Louis G. Morten)*, for the complainant-respondent.

The opinion of the court was delivered by

BODINE, J.

The defendant, a temporary limited administrator of the estate of Ella M. Gindorff, appeals from an order denying his motion to set aside service of process by publication against him. He appeared specially for that purpose and the motion was improperly denied.

The bill of complaint recites that the complainant, a resident of Florida, claims to be entitled to a bond and mortgage upon the First Church of Christ Scientist in Grantwood, New Jersey. The claim is predicated upon advances to Ella M. Gindorff, the record owner thereof, and a writing in the following form:

"New York City, September 15th, 1936. For value received, I request that the mortgage on my old home, Crescent Ave., Grantwood, N. J., against the Christian Science Church of Grantwood, N. J.,

my furniture and rugs and personal possessions become the property of Mrs. Fredda B. Hartman. The Terra Cotta vase, reading lamps—radiator cover in my apartment at 196 Pinehurst Ave., N. Y. City belong to Mrs. Fredda B. Hartman. This is written at the request of Mrs. Ella Gindorff. Mrs. Ella M. Ginsdorff."

At the time of this writing, Mrs. Gindorff was a resident of New York and if any rights arise by reason thereof such rights arise under the laws of that state. *Cutts* v. *Najdrowski, 123 N. J. Eq. 481.* On March 26th, 1937, Mrs. Gindorff died intestate at the Presbyterian Hospital in the city of New York, and her grandnephew, the appellant in this case, has since been appointed administrator in proceedings instituted in the surrogate's court of New York county.

The complainant seeks (1) to have the church enjoined from paying the principal or interest upon the mortgage until the further order of the court; (2) a restraint against the collection thereof by the heirs, devisees, or personal representatives of deceased, and (3) a determination that complainant is entitled to the bond and mortgage and all books and papers relating thereto and to enjoy solely the proceeds thereof.

It, therefore, appears that a resident of Florida seeks to obtain a bond and mortgage upon New Jersey real estate standing in the name of a deceased resident of the State of New York against such claim as the New York administrator and the heirs and creditors may have. There is no doubt that the court of chancery has jurisdiction *in rem* as well as a jurisdiction *quasi in rem.* This is clearly a proceeding *in personam.* The complainant seeks to obtain title to a mortgage, part of the estate of a New York decedent. The complainant seeks an adjudication of her rights against a New York estate. If complainant has any rights to the bond and mortgage, or the proceeds thereof by reason of the advances and the writing mentioned, they arise under and by virtue of the laws of the State of New York. *Cutts* v. *Najdrowski, supra.* Therefore, such right should be asserted against the estate in the courts of New York. It is perfectly clear that the New York administrator could no more be brought into

this state by publication on such a bill than could the New York resident in the case of *McBride* v. *Garland, 89 N. J. Eq. 314.*

The argument is specious that the present case is a proceeding to reform a New Jersey mortgage. Clearly it is not. It is merely a proceeding to obtain the physical possession of an instrument under a right that does not arise under our law and to collect the same without the authority of an officer of a sister state who is lawfully holding the same until a decision to the contrary be entered in a court of competent jurisdiction.

The bond and mortgage at the death of the record holder had a *situs* in the State of New York. *King* v. *Reid, 43 N. J. Law 186; affirmed, 48 N. J. Law 370; Darcy* v. *Darcy, 51 N. J. Law 140; affirmed, 52 N. J. Law 222.*

The New York administrator may not be brought in to this state by substituted process in order that title to such mortgage may be here determined. For a full and illuminating discussion of the controlling principles of law see *Redzina* v. *Provident Institution for Savings, 86 N. J. Eq. 346; New York Life Insurance Co.* v. *Dunlevy, 241 U. S. 518.*

The determination of the court of chancery in denying the motion is reversed, with costs.

*For affirmance*—CASE, DONGES, HETFIELD, WELLS, JJ. 4.

*For reversal*—TRENCHARD, PARKER, BODINE, HEHER, PERSKIE, PORTER, DEAR, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 10.