7 N.J. Super. 501 (1950)
71 A.2d 911
J. RAYMOND LEEK, EXECUTOR OF THE LAST WILL AND TESTAMENT OF HENRY D. WIEAND, DECEASED, PLAINTIFF,
v.
BESSIE M. WIEAND, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 7, 1950.
*503 Mr. Samuel P. Hagerman for Franklin D. Wieand, III, one of the defendants.
*504 Messrs. Kirkman, Mulligan & Harris, by Mr. Frank P. Mulligan, for plaintiff.
Messrs. Moore, Butler & McGee, by Mr. Albert A.F. McGee, for defendant Bessie M. Wieand.
Messrs. Endicott, Dowling & Endicott, by Mr. Allen B. Endicott, 3rd, for defendant Fidelity-Philadelphia Trust Company.
Mr. Edison Hedges, for defendant Bioren & Co.
Mr. Frank S. Farley, by Mr. John J. Kehoe, for defendant Franklin D. Wieand, Jr.
HANEMAN, J.S.C.
This is an application by Franklin D. Wieand, III, one of the defendants in the above entitled action, seeking (1) to set aside an entry of default heretofore entered against him; (2) to reopen and vacate that portion of a judgment entered March 21, 1949, designated as paragraphs 3 and 6; (3) to obtain permission to file an answer and defend on the merits; (4) to obtain an immediate refund of the payment of $6,266 heretofore made to Bioren & Co.
The principal basis upon which he seeks such relief is that since service was made upon him as an absent defendant in the State of Pennsylvania, under an order of the Court of Chancery, which he alleges was improvidently or improperly entered, this court had no jurisdiction over him, and the default and resulting judgment as entered were void. Reduced further to its salient aspects, his argument finds its expression as follows: The suit as commenced, insofar as the result of which he now complains is concerned, is an action in personam, and service not having been personally made upon him within the State of New Jersey, is insufficient to subject him to the jurisdiction of our courts.
The pivotal question is,  Is the action sub judice an action in personam or in rem or quasi in rem?
*505 In order to intelligently resolve the propounded question it becomes necessary to analyze the allegata of the complaint, the relief demanded in the complaint and the relief granted by the judgment.
The bill of complaint as filed in the then Court of Chancery, which was filed on March 1, 1948, contains the following allegations:
"6. Complainant also finds from the books and records of said decedent that decedent opened a trading account with Bioren & Co. in the name of Franklin D. Wieand, III, on which there was an indebtedness to Bioren & Co. of $2,436.85, as of November 16, 1947, and there are at the present time certain securities securing said account which were paid for by the decedent and for which said Franklin D. Wieand, III owed decedent as of November 16, 1947, the sum of $6,266.00. Complainant is informed, believes and therefore avers the fact to be that the securities in said account were intended to secure the payment of said indebtedness of $6,266.00 owed to decedent. A list of said securities is hereunto annexed, made a part hereof as though fully herein set forth and marked Exhibit `N'."
The bill of complaint prays for the following relief:
"5. That this court may declare the complainant's rights with respect to the securities carried by the decedent, Henry D. Wieand, with Bioren & Co. under the name of Franklin D. Wieand, III."
Paragraphs 3 and 6 of the judgment reads as follows:
"III. It is further ORDERED and ADJUDGED that the plaintiff, J. Raymond Leek, Executor of the last Will and Testament of Henry D. Wieand, deceased, and all of the other parties to this suit, particularly Bioren & Co., and Franklin D. Wieand, III, Defendants, be instructed, and it is hereby ORDERED and ADJUDGED that the securities and cash described in the Complaint, and standing in the name of the defendant, Franklin D. Wieand, III in the possession of the defendant, Bioren & Co., be turned over, delivered, assigned and transferred forthwith to the plaintiff, J. Raymond Leek, Executor as aforesaid, and that he, J. Raymond Leek, Executor, pay over to said Franklin D. Wieand, III from the proceeds of said securities when sold the excess, if any, over and above the indebtedness of Franklin D. Wieand, III to Bioren & Co., and to J. Raymond Leek, Executor secured thereby, as stated in the Bill of Complaint."
"VI. And it is further ORDERED and ADJUDGED that the plaintiff be instructed, and it is hereby ORDERED and ADJUDGED that *506 the plaintiff upon recovering the sum of $6,266.00, without interest, for this estate out of the securities referred to in Paragraph III hereof shall thereupon cancel the indebtedness of Franklin D. Wieand, III in the sum of $6,266.00 being a loan under date of November 16, 1947, there being no further moneys due thereon."
By order dated March 22, 1948, service upon Franklin D. Wieand, III, was directed to be made upon him as an absent defendant by either personal service of the order to plead or by publication and mailing. Such service was made on him in Pennsylvania on April 2, 1948. He did not file an answer to the complaint.
Bioren & Co., who had acknowledged service of subpoena through its New Jersey counsel, filed its answer on March 25, 1948, admitting that it had a trading account in the name of Franklin D. Wieand, III, upon which there was due it the sum of $2,436.85, but disclaiming any knowledge concerning the other allegations of paragraph 6 of the complaint.
The relief sought by the plaintiff was dual in nature. It sought first, a construction of the will of Henry D. Wieand in order to ascertain whether by virtue thereof the debts of the life tenants and remaindermen were chargeable against their interest in the estate (with which phase we are not now concerned) and second, a determination of the title to the Bioren & Co. trading or margin account.
The question is the efficacy of the process to bring Franklin D. Wieand, III, into this court for a determination of the second issue.
It must be conceded at the outset that if the present action is to be deemed an action in personam, personal service must be had upon the defendant within the jurisdiction in order to comply with the due process provision of the Fourteenth Amendment of the United States Constitution.
Originally, all equity jurisdiction operated in personam. In the development of equity jurisdiction, however, the great bulk of litigation became what might be classified as quasi in rem. Buchman v. Smith, 136 N.J. Eq. 246, 41 A.2d 262; Wilentz v. Edwards, 134 N.J. Eq. 522, 36 A.2d 423.
*507 Generally stated, it must be recognized that substituted service as distinguished from personal service within the jurisdiction, may be resorted to, in all actions that may be denominated in rem or quasi in rem.
In Buchman v. Smith, supra, the court said at p. 249, as follows:
"An action quasi in rem is one in which substituted service by publication is permissible. Our statute R.S. 2:29-28, authorizes this procedure without any limitation based on the character of the suit. Kirkpatrick v. Post, 53 N.J. Eq. 591, 641. But the operation of the statute is limited by the due process clause of the Fourteenth Amendment."
And at p. 250:
"Fundamentally, jurisdiction depends upon physical power. Jurisdiction in rem rests upon a res within the control of the court and subject to the exercise of its power. The res need not be in the custody of the court, as it is, for example, when seized on a writ of sequestration. It is enough that the res be within the state and in the possession of the complainant, or a resident defendant who has been brought into court by service within the state and through whom the court can exercise power over the res. The scope and variety of actions quasi in rem have been growing rather steadily for many years as a natural result of narrow territorial bounds of the jurisdiction of American courts, coupled with a diversity of residence of persons holding interests in the same property." (Italics mine.)
See also 42 Am. Jur. 71 et seq.
The rule, although simple of statement, is ofttimes not too simple of application. The keystone of this theoretical structure are the words "in rem" or "quasi in rem."
Strictly speaking, there are few actions in rem but the expression has been loosely employed to encompass actions quasi in rem as well.
A proceeding in rem is one taken directly against property, and has for its object the disposition of the property, without reference to the title of individual claimants. 42 Am. Jur., p. 72; 3 Freeman on Judgments, p. 3110 et seq.
In Elgart v. Mintz, 123 N.J. Eq. 404, 197 A. 747, the Court said at p. 412:
*508 "`Quasi in rem' is a term applied to proceedings which are not strictly and purely in rem, but are brought against the defendant personally, although the real object is to deal with particular property. They are so far in rem that jurisdiction may be acquired by the seizure or control by the court of the res. The question whether a proceeding can be sustained as one quasi in rem depends upon whether there is a res in this state upon which the decree can operate. The judgment in such an action is not conclusive upon the whole world, but is binding only upon the parties. Cameron v. Penn Mutual Life Insurance Co., supra."
A suit quasi in rem as distinguished from one strictly in rem has been defined as follows in Hill v. Henry, 66 N.J. Eq. 150, at p. 154, 57 A. 554:
"Fourth. In suits strictly in rem, that is, where the property itself, conceived of as having done the wrong or as having been the instrument of its commission, is being proceeded against; and in suits quasi in rem, that is, where the suit is against the person in respect of the res  where, for example, it has for its object partition or the sale or other disposition of defendant's property within the jurisdiction, to satisfy plaintiff's demand by enforcing a lien upon it  personal service within the jurisdiction or appearance is not necessary. The decree can, however, extend only to the property in controversy. But there is this distinction between these two classes of proceedings: in the former, public citation to the world is all that is necessary and the decree binds everybody; in the latter, defendant's interest is alone sought to be affected; he must be cited to appear and the judgment therein is conclusive only between the parties."
See also Freeman on Judgments, p. 3122; 42 Am. Jur. 72.
Where the suit has relation to a status, thing or property in the State, or is one in which property in the State is sought to be reached in satisfaction of the personal obligation of its owner, or one in which is sought an adjudication of the title to or interest in the property in the State of its alleged owner or claimant, it is a suit quasi in rem.
In determining whether an action is quasi in rem, the particular facts present in each case must be considered in attempting an ascertainment of the situs of the res.
The cases of Hartman v. Collum, 126 N.J. Eq. 629, 11 A. 2d 67; Buchman v. Smith, 136 N.J. Eq. 246, 41 A.2d 262; affirmed, 137 N.J. Eq. 215, 44 A.2d 179; Englander v. Jacoby, 132 N.J. Eq. 336, 28 A.2d 292; Cameron v. Penn *509 Mutual Life Ins. Co., 111 N.J. Eq. 24, 161 A. 55, and 116 N.J. Eq. 311, 173 A. 344; Warren v. New Jersey Zinc Co., 116 N.J. Eq. 315, 173 A. 128; Amparo Mining Co. v. Fidelity Trust Co., 74 N.J. Eq. 197, 71 A. 605; affirmed, 75 N.J. Eq. 555, 73 A. 249; Kempson v. Kempson, 63 N.J. Eq. 783, 52 A. 625; Redzina v. Provident Institution, etc., 96 N.J. Eq. 346, 125 A. 133, all turned upon the question of whether there was a tangible thing within the State or whether, where the controversy concerned a status, jurisdiction was had over both parties.
In Redzina v. Provident Institution, etc., supra, the Court said, at p. 352:
"Second. If we adopt the view that a savings bank and its depositor are debtor and creditor (Chester v. Halliard, 36 N.J. Eq. 313), is the situs of a debt at the domicile of the debtor bank in this state, and, accordingly, within the jurisdiction of our courts? Upon this question, many and widely divergent opinions have been expressed. In the case of things having spatial qualities  i.e., tangible things  the power of control and location coincide. In the case, however, of a debt, which is a mere forced relation between parties, and is incapable of location or actual situs (see National Fire Insurance Co. v. Chambers, 53 N.J. Eq. 468), it would seem that control must be obtained by making use of the relation. It must depend, therefore, upon jurisdiction over both, and not one of the parties to the debt. 3 Beale Sum. Con. L. 507; Mahr v. Norwich U.F. Insurance Co., 127 N.Y. 452, 28 N.E. Rep. 391. Only the court which has both the debtor and creditor before it can compel a release from the creditor and an assignment of the action of the creditor. Prof. Beale in 27 Harv. Law R. 107. Only that court, then, has, in our opinion, the effectual control referred to in our cases as a prerequisite to jurisdiction. Elmendorf v. American Combustion Co., 80 N.J. Eq. 461."
In Elgart v. Mintz, 123 N.J. Eq. 404, 197 A. 747, the Court said at p. 413:
"Where there is no res within the jurisdiction of the court upon which a decree can operate, the action is in personam and not in rem or quasi in rem. McBride v. Garland, 89 N.J. Eq. 314; Amparo Mining Co. v. Fidelity Trust Co., supra."
When the object of a suit is to affect the claims of a defendant to property which is not located within this State *510 and the defendant is not a resident or citizen of this State, the court can acquire jurisdiction only by service of process within the State or the voluntary appearance of such defendant. Wilson v. American Palace Car Co., 65 N.J. Eq. 730, 55 A. 997; McBride v. Garland, 89 N.J. Eq. 314, 104 A. 435.
The relationship of a customer and broker in connection with a stock margin account is that of debtor and creditor. Immediately upon purchase the stock becomes the customer's property and remains in the broker's possession as security for the broker's advances and commissions. The relationship, insofar as the stock is concerned, is that of pledgor and pledgee. Otis v. Medoff, 311 Pa. 62, 166 A. 245; Vol. 1, Scott on Trusts, p. 103.
The plaintiff argues strenuously that the res in question is within the State because of the voluntary appearance of the non-resident creditor-pledgee, Bioren & Co.
The res here can be only either (1) the status, i.e., debtor and creditor as between either (1) Henry D. Wieand or Franklin D. Wieand, III, and Bioren & Co., or (2) Franklin D. Wieand, III, and Henry D. Wieand; or (2) the stock pledged as security with Bioren & Co. for the debt, i.e., the advances made by and commissions due to Bioren & Co. The questions raised were (1) who was entitled to the stock held by Bioren & Co.; (2) was Franklin D. Wieand, III, indebted to the estate of Henry D. Wieand; (3) who was indebted to Bioren & Co. in connection with the margin account?
The stock which was the tangible res, was in the custody of the non-resident defendant, Bioren & Co., the creditor-pledgee, in Pennsylvania. The controversy concerning this stock required a determination of who was indebted to Bioren & Co. The questions of the relationship of the estate of Henry D. Wieand and Franklin D. Wieand, III, to Bioren & Co., and the relationship of Franklin D. Wieand, III, to the estate of Henry D. Wieand involve status. In view of the fact that the tangible res is neither in the possession of the plaintiff nor a resident defendant, and that the parties to the status, about which inquiry has been propounded, are *511 not all residents of this State nor voluntarily before this court, there was no res within the jurisdiction upon which a judgment could operate.
There being no res within the jurisdiction upon which a judgment could operate, the action is one in personam and not in rem or quasi in rem.
Franklin D. Wieand, III, alleges that the payment of $6,266 was made under duress, relying upon Pompton Stationery Corp. v. Passaic, etc., Co., Inc., 127 N.J.L. 235, 21 A.2d 849; affirmed, 129 N.J.L. 99, 28 A.2d 119.
Franklin D. Wieand, III, has not tendered the stock involved to Bioren & Co. and they will not be now directed to repay the amount paid to them under the judgment. The ultimate purpose of this application, as evidenced by Franklin D. Wieand, III, is to obtain an opportunity to enter his defense in open court. The question of the repayment of the $6,266 will await the outcome of the final hearing.
The answer to plaintiff's argument that the applicant has not shown surprise or a meritorious defense and is guilty of laches is found in the effect of the foregoing opinion, namely, that the judgment, insofar as Franklin D. Wieand, III, is concerned, was void. A void judgment may be vacated at any time. A void judgment is a nullity and it is not necessary for one who contests such a judgment to show surprise or a meritorious defense, nor can laches run against a void judgment. Westfield Trust Co. v. Court of Common Pleas, 115 N.J.L. 86, 178 A. 546; affirmed, 116 N.J.L. 190 and 191, 183 A. 165.
In view of the doubts raised as to the efficacy of service upon Franklin D. Wieand, III, and his offer to enter appearance and defend in this cause, judgment will be entered setting aside the entry of default and vacating paragraphs 3 and 6 of the judgment dated March 21, 1949, provided he voluntarily enter his appearance in this cause.